## Lazar, Appellant, *v.* State Bank of Philadelphia.

*Banks and banking — Checks — Refusal to honor—Liability to damage—Case for jury.*

In an action by a depositor to recover damages from a bank for dishonoring a check for $45, evidence was produced to show that the plaintiff prior to the day of the dishonoring of the check, for which suit was brought, presented in person a check for $100, which was refused payment by the cashier of the bank, who told the plaintiff that the balance in his favor was only about $50. The plaintiff then destroyed his check for $100 on which he was refused payment, and wrote out and presented his check for $50, which was paid. Subsequently he drew a check for $45, upon which payment was refused.

Under such circumstances, the evidence produced by the plaintiff, if believed, was sufficient to establish his right to recover and the case was for the jury. The mere fact that the plaintiff had not taken all the precautions that a thoroughly trained business man might have taken, under the circumstances, to ascertain whether the officers of the bank had merely made a mistake, or were intentionally trying to defraud him, would not defeat his right to recover.

Argued October 7, 1921. Appeal, No. 58, Oct. T., 1921, by plaintiff, from judgment of Municipal Court of Philadelphia, Sept. T., 1917, No. 49, refusing to strike off nonsuit in the case of Isidor Lazar v. State Bank of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for refusing payment of a check. Before BONNIWELL, J.

568 LAZAR, Appellant, v. STATE BANK OF PHILA.

The facts are stated in the opinion of the Superior Court, and in the report of former appeal reported in 74 Pa. Superior Ct. 1.

The court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the refusal to take off nonsuit.

*Bertram D. Rearick,* for appellant.

*Harry Felix,* of *Illoway and Felix,* for appellee.

OPINION BY PORTER, J., November 21, 1921:

This action of trespass was brought by the plaintiff to recover damages alleged to have resulted from the defendant's breach of duty, in refusing to pay his check when he had with the bank sufficient money to meet it. This is the second appeal in this proceeding, and the facts are sufficiently stated in our former opinion, reported in 74 Pa. Superior Ct. 1. We reversed a judgment in favor of the plaintiff in the former appeal because of an error of the trial court in ruling upon an admission of evidence, but we then held that the case was for the jury and it would have been error for the trial court to have given binding instructions in favor of the defendant. The court below, upon the second trial, entered a judgment of nonsuit which it subsequently refused to take off, from which judgment we have the present appeal by the plaintiff.

The plaintiff, at the second trial, testified fully as to his dealings with the defendant bank, produced his bank book showing his deposits with the bank and the balance in his favor from time to time, and his checks which he stated were all that he had drawn which had been paid by the bank. He testified, as he had done at the former trial, that he had, on April 22, 1916, presented to the bank his own check for $100, that the cashier had then told him that he had not sufficient funds with the bank

to meet that check, that he had only about $50 with the bank, and that he then tore up the $100 check, made out a check for $50 which he then presented and which was paid. He testified that he afterwards examined his checks and his account with the bank and was convinced that he still had $60.33 with the bank and that he then made out his check for $45 in favor of the Empire Printing Co., which he gave to that company in payment of a debt, which was presented in regular order by the payee to the bank and payment thereof refused. He was cross-examined fully as to what investigation he had made as to the condition of his account, when payment of the $100 check was refused and before giving his check to the Empire Printing Co., the refusal to pay which latter check is the wrong complained of in this action. His testimony would have warranted a finding that his deposits with the bank aggregated $555 and that he had drawn checks which the bank had paid amounting to $494.67, leaving a balance of $60.33 in his favor. The bank had settled his account on March 31, 1916, and stated in his bank book that the balance in his favor was $83.73; the bank book disclosed that he had made deposits subsequently to that date aggregating $200. The plaintiff testified that subsequently to that date, he had issued three checks for $150; $10 and $50; and that the bank had paid subsequently to March 31 two checks which had been issued prior to that date, one for $2.40 and the other for $11; thus making a total of checks paid by the bank subsequently to March 31 of $223.40. The balance on March 31st was $83.73, the deposits after that date $200, making $283.73, and the bank after that date paid checks amounting to $223.40, thus leaving a balance in the plaintiff's favor of $60.33.

If this testimony was true the bank was guilty of a breach of duty when it refused to pay the check presented by the Empire Printing Co. and the plaintiff was entitled to recover. The mere fact that the plaintiff had not taken all the precautions that a thoroughly trained

business man might have taken under the circumstances to ascertain whether the officers of this bank had merely made a mistake or were intentionally trying to defraud him would not defeat his right to recover. It was the duty of the bank to pay that check if they had sufficient funds of the drawer to meet it and for a breach of that duty the plaintiff would be entitled to recover. It would, of course, be proper for the jury to consider the circumstances under which the check was given in determining the amount of damages to which the plaintiff was entitled. The real issue between these parties, as clearly disclosed by the evidence at the first trial, is whether this plaintiff, in April, 1916, drew upon his account with the bank a check for $60, which the bank paid. The evidence presented by the plaintiff at the trial, from the result of which we have this appeal, contained nothing to suggest that he had drawn such a check. The evidence produced by the plaintiff, if believed, established his right to recover and the court below erred in refusing to take off the nonsuit.

The judgment is reversed and a venire facias de novo awarded.

TREXLER, J., dissents.