Magee et ux., Appellant, *v.* Morton B. & L. Assn.

Argued November 18, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*John V. Diggins,* for appellant.

*Samuel A. Montgomery,* for appellee.

Opinion by Cunningham, J., July 8, 1931:

This is an action of assumpsit to recover the withdrawal value of stock in the appellee building and loan association. Suit was brought in the names of William G. Magee and Olive R. Magee, his wife; it was instituted by the wife alone and the statement of claim is signed and sworn to by her. A few days after service of the summons and statement of claim an attorney for the husband, acting under a filed warrant of attorney, marked the suit "discontinued and ended" as to him. Appellee filed an affidavit of defense raising questions of law which were decided in its favor by the court below; from the judgment entered against the wife she has taken this appeal.

The statement of claim made the following allegations: Forty-eight shares of stock in the appellee association had been subscribed for by the husband and wife, comprising groups of stock in three series, all of which were pledged from time to time as collateral for loans; this stock was all paid for out of the joint funds of the husband and wife, was issued to them jointly and was owned by them as tenants by entireties; sometime prior to July 20, 1926, the shares in one of the series (twenty-five shares in the sixty-eighth) became "free" stock, with a total withdrawal value of $2,138; on that date, "without the request, knowledge or consent" of the wife, the association, upon the sole request of the husband, paid this $2,138 to him alone and cancelled the stock on its books; no part of this money was received by appellant or applied in any way to her benefit. Appellant therefore claimed that the payment to her husband was in violation of her legal rights and demanded that the sum so diverted be paid to her.

The court below, in sustaining the affidavit of defense in the nature of a demurrer, held that since the stock was owned by appellant and her husband as tenants by entireties, no action could be maintained by her alone to recover the value thereof, as recovery could be had only upon the joint demand of both parties in interest. As this conclusion disposed of the essence of the claim, judgment was entered in favor of the association, without prejudice to the right of the wife to institute further proceedings if she survived her husband, unless in the meanwhile her interest in the fund should be adjusted.

We are not convinced that the association is entitled to judgment in its favor on the questions of law raised by its statutory demurrer. Under the facts pleaded by the wife, which, for the purposes of this appeal, must be assumed to be true, several matters

of law arise: (1) whether the payment by the association of the entire fund to the husband, without the knowledge or consent of the wife, affected her right to proceed against the association for the purpose of establishing that the fund is still, in contemplation of law, owing from it as an estate by entireties of which she is one of the owners; and (2) if such payment did not discharge the association from liability, how and to what extent may she assert her rights?

The first question is ruled by Milano et ux. v. Fayette Title and Trust Company, 96 Pa. Superior Ct. 310, and the cases cited therein. While the facts there present the converse of the situation here, as the demand was joint, the principles there set forth are controlling here. In that case money was deposited at various times in the defendant bank to the joint account of the plaintiffs, who were husband and wife. A check signed by both plaintiffs and drawn on the defendant bank was refused on the ground that the entire balance had previously been paid to the husband on a check signed by him alone. The fact of the prior payment to the husband was established by the verdict of the jury. However, judgment n. o. v. for the plaintiffs was affirmed by this court on appeal. In the course of the opinion KELLER, J., said at page 313: "The money on deposit did not belong to the husband, or half to him and half to his wife, or in part to either, but to both of them undividedly. The deposit was made in their joint names, and not to them or either of them. In the absence of an express agreement that the money could be paid to either or only one of them—which was wholly lacking here—the implied agreement would apply that the money could not be withdrawn except upon checks or orders signed by both of them, and the bank could pay differently only at its peril." The statement just quoted is equally applicable here. If property is owned by husband and wife as tenants by

entireties, each spouse is seized of the whole, and not of any part, and neither can sever his or her part without the consent of the other or defeat the interest of the other. Consequently, in the Milano case, payment to the husband alone did not satisfy the obligation, which was to pay husband and wife only upon their joint demand. So in the case at bar: as the stock was held by entireties, payment to the husband alone was wrongful, and, upon a subsequent demand by both husband and wife, the association would be required to pay the value of the stock a second time. The unjustifiable payment did not defeat the obligation; neither did it create a new form of obligation in favor of the wife alone. The tenancy by entireties still exists. The right of the wife remains, as it was before, a right to obtain, together with her husband, the withdrawal value of the stock, coupled with the expectancy of a right to the whole in the event of his death. But, say counsel for the association, the husband has not only not joined in the demand but has, in fact, repudiated it by empowering his attorney to enter a discontinuance as to him. This brings us to the question of the right of the wife to join her husband as a party plaintiff and of his right to discontinue to the prejudice of the other owner of the estate.

No authority exactly in point has been cited by counsel; nor have we been able to find a precedent in which an estate by entireties was involved. There is however authority for holding that in a joint tenancy the joint tenant must join, and be joined, in real, mixed and personal actions: Milne v. Cummings, 4 Yeates 577. This case is cited in Mobley v. Bruner, 59 Pa. 481, 484, where it is said: "Even joint tenants, who are regarded as having one entire and connected right, and are said to be seised *per my et per tout*, each having the entire possession as well of every parcel as of the whole, cannot sue separately for themselves, or

for the joint benefit of themselves and their fellows, but must join and be joined in all actions respecting the estate: 1 Tho. Co. Litt. 736.'' In Eichelberger et al. v. Eichelberger, 4 Clark 482, an action for waste was brought in the names of joint tenants. Shortly after the summons was issued two of the plaintiffs appeared and disclaimed. Upon a rule to show cause why the suit should not be discontinued or the names of the disclaiming plaintiffs stricken off, it was held that, although two of the three plaintiffs might disclaim and refuse to join in the prosecution of the action, they had no right to prevent the other joint tenant from proceeding. After citing Gallagher v. Jackson, 1 S. & R. 492 (in which it was held that one of two defendants against whom a judgment had been entered before a justice of the peace could not prevent the other from appealing therefrom), the opinion discharging the rule concluded: ''So in this case, the suit is correctly brought in the name of all the joint tenants, because the title is a joint one, *per my et per tout*, and it must be prosecuted in their names; but those who have severed, by their disclaimers filed of record, are no longer implicated in the consequences of the proceeding.'' In Gallagher v. Jackson, supra, an appeal was taken from the judgment of the justice of the peace to the common pleas by Gallagher, one of the defendants. Evans, the other defendant, came into court and ''requested that the appeal might be stricken off because it was entered without his consent.'' The common pleas struck off the appeal. In reversing, the Supreme Court said that one defendant ''by holding back or doing any act whatever shall not frustrate the right of rehearing claimed by another defendant.'' In holding that the writ of error was properly brought in the names of both defendants, YEATES, J., said: ''Evans cannot be implicated in the event of this writ; the judgment against him before the justice stands

in full force; from this he has not appealed, nor brought error." These principles apply with even greater force to an estate by entireties. The right of the wife in property held by entireties has not been changed by the Married Women's Acts: Gasner v. Pierce, 286 Pa. 529.

We are, therefore, of opinion that the wife had a right to bring this action in the name of her husband as well as in her own; by virtue of the nature of the tenancy either had a right to act for both for the preservation, as against the association, of the estate and neither could deal with the estate to the prejudice of the other. It follows that the husband had no legal right to discontinue and the court below should have treated his attempt to do so as a nullity. Unless the association has a defense, on the merits, to the facts pleaded in her statement, the wife has a right to prosecute the suit to judgment. If judgment be obtained against the association, the court below will have control over the matter of its enforcement; it will be in favor of the husband and wife jointly for an estate by entireties and its execution can be controlled in accordance with the characteristics of such an estate. We may add that counsel on both sides state in their respective histories of the case that the owners of these shares were divorced subsequent to the institution of the action. This fact does not appear in the pleadings, but even if it did the questions now involved would not be thereby affected in any way. "After a divorce the estate retains the incidents which pertained to it at its inception": O'Malley v. O'Malley, 272 Pa. 528. The Act of May 13, 1925, P. L. 649 (assuming it applied to personal estates), authorized, upon a divorce of the parties, an action in equity for the division of property held as tenants by entireties. This act, however, was repealed by the Act of May 10, 1927, P. L. 884, providing for the di-

vision by a court of equity of estates acquired after its passage. No use can be made of the provisions of this statute because the stock here in question was alleged to have been purchased in April, 1920.

The questions of law raised by this statutory demurrer should have been decided against the defendant association, and we accordingly sustain the assignment of error to the entering of judgment in its **favor.**

The judgment in favor of the appellee is reversed and the record is remitted for further proceedings under the twentieth section of the Practice Act not inconsistent with this opinion.