Pastore, Appellant, v. Forte.

Argued October 20, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM and BALDRIGE, JJ.

*John H. Bigelow,* for appellant.

*Frank L. Pinola,* and with him *Nathan Hyman* and
*G. J. Clark,* for appellee.

OPINION BY CUNNINGHAM, J., January 28, 1932:

Mary Antonio Pastore, the wife of Felice Pastore,
has appealed from a decree dismissing her bill in
equity, praying for the cancellation, as to her, of a
mortgage. Appellant and her husband acquired, May
15, 1919, an estate by entireties in a lot situate at
the corner of Vine and 16th Streets in the City of
Hazleton. There appears of record a mortgage upon
this lot, dated June 23, 1927, securing the payment
of $500, with interest, to Sabato Forte on or before
June 23, 1930. In her bill against the mortgagee, filed
March 25, 1930, appellant averred this mortgage was
made, executed and delivered by her husband and,
although her name is affixed to the instrument and a
purported acknowledgment thereof by her appears
thereon, she neither executed nor acknowledged it,

nor authorized any person to do so for her. She further stated she did not receive any of the proceeds of the mortgage, nor did the same inure to her benefit, and prayed for an appropriate decree of cancellation as to her. The defendant filed a preliminary objection upon the ground that the bill was defective for want of the joinder of her husband. On September 5, 1930, the court below sustained this objection and granted appellant fifteen days within which to join her husband as a party plaintiff; otherwise, the bill to be dismissed. On September 18th appellant presented her petition averring she had requested her husband to join as a party plaintiff but he declined and refused, in which refusal he still persisted, and praying leave to amend her bill by setting forth her request and his refusal. The order of September 5th was suspended pending the disposition of a rule to show cause. On February 3, 1931, the rule to amend was made absolute and the order of September 5th modified by directing that appellant's husband be joined as a party defendant. In her amended bill appellant set forth the refusal of her husband, averred that if he were made a party defendant she would be incompetent as a witness, and therefore elected "not to join the said Felice Pastore as a party defendant." In its order of February 3rd the court stated that in its opinion the formal joinder of her husband would not affect either his or her competency. Under the conclusions we have reached this question need not be considered. On April 4th defendant again moved to dismiss because appellant had refused to comply with the order requiring her to make her husband a party defendant. After hearing, the court, on April 28th, entered a final decree, reciting the refusal of appellant to comply with its order of February 3rd and dismissing the bill "without prejudice in any other action or proceeding."

The principles stated by this court in the recent case of Magee et ux. v. Morton B. & L. Association, 103 Pa. Superior Ct. 331 control the disposition of the questions involved on this appeal. In that case the estate of a husband and wife in shares of stock in a building and loan association was by entireties; the association paid the full withdrawal value to the husband without the knowledge or consent of the wife. She instituted an action against it averring the payment was in violation of her rights and joined her husband as a party plaintiff; he repudiated the proceeding and his attorney, acting under a filed warrant, marked the suit "discontinued and ended" as to him. For the reasons stated at length in the opinion (filed July 8, 1931), we held that by virtue of the nature of the tenancy either tenant had a right to act for both for the preservation of the estate and neither could deal with it to the prejudice of the other; that the wife had a right to join her husband as a plaintiff in the action and that he had no legal right to discontinue. In the case at bar, the order of September 5, 1930, was in harmony with the conclusions stated in the Magee case and should have been complied with by appellant. We have concluded, particularly since the decision in the Magee case was subsequent to the final decree here, that the interests of justice will be best served by directing that all pleadings filed subsequent to September 5, 1930, be stricken from the record and the decrees entered thereon, including the final decree of April 28, 1931, vacated; the parties will then be placed in the position in which they stood upon the entering of the valid order sustaining the preliminary objection and granting appellant fifteen days within which to join her husband as a party plaintiff.

The record is remitted to the court below with directions to enter a decree substantially as follows:

And now, ⬛ 1932, the petition to amend filed September 18, 1930, the amended bill filed March 23, 1931, and the motion to dismiss filed April 4, 1931, are stricken from the record; the orders of September 18, 1930, February 3, 1931, and the final decree of April 28, 1931, dismissing the bill, are vacated; and Mary Antonio Pastore is permitted, within fifteen days from the date hereof, to join her husband, Felice Pastore, as a party plaintiff; failing so to do, the bill is dismissed without prejudice in any other action or proceeding.