Sielecki et al., Appellants, v. Sielecki et al.

Argued November 21, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Henry G. Sweney,* for appellants. Cited: Pattison's Appeal, 61 Pa. 294; Bennett v. Vinton Lumber Co., 28 Pa. Superior Ct. 495; Byers v. Sutherlin, 67 Pitts. 294.

*Matthew Rankin* of *Geary & Rankin,* for appellees. Cited: Strouse v. Berger, 220 Pa. 367; Robbins v. Farwell, 193 Pa. 37; O'Malley v. O.'Malley, 272 Pa. 528.

Opinion by Cunningham, J., December 16, 1932:

This appeal is by the complainants below from a decree dissolving a preliminary injunction which, as granted, enjoined two of the defendants from selling timber growing upon a farm in Delaware County and restrained the third defendant, Horace D. Wright, from cutting and removing the same; the decree also dismissed their bill.

At the date of the filing of the bill, June 24, 1927, and for sometime prior thereto, Jacob Sielecki and Apolenia Sielecki, his wife, owned, as tenants by entire-

ties, the undivided one-half of a tract of land containing sixty-five acres, approximately twenty-five of which were covered with valuable timber, and title to the other undivided one-half was vested in Elizabeth Wandasiewicz, the wife of Joseph Wandasiewicz. By an agreement in writing, dated May 24, 1927, Jacob Sielecki and Elizabeth Wandasiewicz undertook to sell to Horace D. Wright "all timber on the farm," above "seven inches in diameter," for the sum of $600—one-half to be paid upon the signing of the agreement and the remainder three months thereafter. The time within which the timber was to be removed was fixed in the agreement at eighteen months. Neither Apolenia Sielecki nor Joseph Wandasiewicz had any knowledge of the execution of the agreement until Wright came upon the premises prepared to cut the timber, nor did either of them receive any part of the payment of $300. Before any timber had been cut they gave written notice to Wright that his contract was void and warned him not to cut any timber; when their notice was disregarded, they moved promptly to obtain an injunction, but, between the date of the notice and the service of the injunction, Wright cut timber of the value of at least $300.

The twentieth and twenty-second findings of fact are to the effect that the value of the timber, as of March 24, 1927, was $1,200 and if Wright is permitted to cut it "the farm will be immediately and irreparably damaged."

It is apparent, therefore, that if the decree in this case must be affirmed, Apolenia Sielecki, one of the tenants by entireties of a half interest in the farm, will not only be prejudiced by having the value of her estate seriously diminished through joint acts of her husband and a stranger, which acts, so far as her interest is concerned, amount to waste, but will also be defrauded out of any part of the grossly inadequate

consideration which Wright agreed to pay for the timber.

Such results should not be sanctioned by a judicial decree if there is any way to avoid them.

It is to be observed that this case differs materially from that of O'Malley v. O'Malley, 272 Pa. 528, cited and relied upon by counsel for Wright and by the court below. In that case, after tenants by entireties had been divorced, the husband leased the property and appropriated the entire rental thereof to his own use and the question was whether he could be compelled to account to his divorced wife for her share. In the course of the opinion, holding the husband liable, it is pointed out that the right of one spouse to lease, during the existence of the marriage, property held by entireties, and to collect the rent, is not an incident of the estate itself but merely flows from an incident thereof. "While the marriage subsists it is a matter of indifference which of the parties leases the property or which of them obtains the rents; presumptively the moneys received will be expended for the benefit of both of them. The unity of the relation of the parties results in a unity of the estate; the leasing by either is for the benefit of them in that relation, and the rents paid to either is to him or her in that relation only."

There is a vast difference, however, between leasing a farm, or an interest therein, held by entireties and undertaking to strip it of valuable timber growing thereon. By virtue of the nature of the tenancy of Jacob Sielecki and his wife either had a right to act for both for the preservation of the estate, but neither could deal with it to the prejudice of the other. It is perfectly clear that the husband in this case did undertake to deal with the interest in the farm, vested in him and his wife by entireties, to her prejudice. When he attempted to dispose of their half interest in the timber, without her knowledge or consent, it was stand-

ing and was real estate. Under the agreement executed by Jacob Sielecki alone, Wright acquired no interest in the timber, either individually or in connection with Apolenia Sielecki, in so far as the Sielecki's half interest therein is concerned.

If Apolenia Sielecki, had filed a bill and included her husband, with or without his consent, as a party plaintiff therein, against Horace D. Wright, as defendant, it would have been the duty of a chancellor, under the facts developed at the hearing, to declare the agreement for the sale of the timber void, as to their interest therein, and to restrain Wright from cutting and removing it. Unfortunately, her counsel did not prepare and file the bill in that form. This record shows that the only parties named as plaintiffs were Apolenia Sielecki and Joseph Wandasiewicz and that Jacob Sielecki was improperly named as a party defendant along with Wright.

Preliminary objections to the bill were filed by Wright; they challenged, inter alia, the right of Apolenia Sielecki to maintain this action against her husband. The court below dismissed the preliminary objections, denied the motion to dissolve, and continued the injunction until final hearing.

The basic error in this case was committed at this point. For the reasons stated at length in Magee et ux. v. Morton B. & L. Association, 103 Pa. Superior Ct. 331, and Pastore v. Forte, 104 Pa. Superior Ct. 55, Apolenia Sielecki should have joined her husband as a party plaintiff in this action, and had a right to do so even against his protest. When so joined, he could not have discontinued the proceeding as to himself. The preliminary objections should, therefore, have been sustained and Apolenia Sielecki required, under Equity Rule 49, to amend, within a prescribed time, by joining her husband as a party plaintiff with her and by striking out his name as a party defendant, under

penalty of dismissal of the bill for failure to comply with such order. The failure of the court below to make a proper disposition of the preliminary objections led to the other difficulties and anomalies in the case.

An answer was then filed by Wright alone setting up the agreement for the purchase of the timber and, after replication by the plaintiffs, the case proceeded to hearing. In dissolving the injunction and dismissing the bill, the chancellor held, inter alia, that as to the interest vested by entireties the suit should have been instituted in the names of both tenants and as to the other undivided half interest, vested in Elizabeth Wandasiewicz, the agreement was valid, although her husband was not a party thereto. Subsequent to the entering of the final decree, Apolenia Sielecki, through her counsel, petitioned to amend the bill by including therein an averment that her husband had deserted her and neglected and refused to support her; the court below properly refused to permit this amendment; its allowance would not have affected the merits of the case.

This brings us to a consideration of the question whether Joseph Wandasiewicz had a right to file this bill against his wife, Elizabeth Wandasiewicz.

This case is not within the exceptions specified in the Act of March 27, 1913, P. L. 14, which provides, inter alia, that a married woman "may not sue her husband except in a proceeding for divorce or in a proceeding to protect and recover her separate property; nor may he sue her except in a proceeding for divorce or in a proceeding to protect or recover his separate property."

The question whether a married woman has legal capacity to execute an agreement for the sale of timber growing upon her land, unless her husband joins in the agreement, is not necessarily involved in this case.

To some extent at least, the answer would depend in each case upon the nature of the contract and the intent of the parties. Ordinarily, her interest in the timber would be regarded as real property, and, by reason of the express prohibition of the Act of June 8, 1893, P. L. 344, she could not convey it unless her husband joined in the conveyance.

It is true that where the application of the statute of frauds is involved or the inquiry is whether the proceeds of a sale pass to the personal representatives of a decedent, standing timber has been regarded as personal property if the agreement for its sale contemplates its immediate severance from the soil: Strause v. Berger, 220 Pa. 367; McClintock's Appeal, 71 Pa. 365; and Robbins v. Farwell, 193 Pa. 37.

The disposition of this appeal, however, does not require us to pass upon the question as the main object of the bill is to prevent irreparable injury to the farm through a severance of the timber and not to restrain a married woman from entering into a contract beyond her legal capacity.

For the purposes of this appeal, it is sufficient to say that, during the lifetime of his wife, Joseph Wandasiewicz has only an inchoate right in the undivided one-half interest vested in her and should not have been included as a party plaintiff in the bill. Under the facts here present, she held her one-half share as tenant in common. This gave her a right to use the property in common with the other tenants, but she had no right to consume or to give property away. Any conveyance or sale she might make to a third party would be effective only to pass her interest as tenant in common, and such third party would have no right to cut down the timber, for she had none.

Moreover, as Apolenia Sielecki was a tenant in entirety of an undivided interest in the entire tract and in every tree standing thereon, a valid right to cut and

remove any tree or trees could not be granted unless she became a party to the agreement.

The proper parties plaintiff in this bill would be Apolenia Sielecki and her husband, whose name she has a right to join with her own without his consent and even against his protest, and, in order that all parties in interest may be before the court, Elizabeth Wandasiewicz should be named as a defendant along with Horace D. Wright. The issues here involved would be raised by a bill so filed.

Upon consideration of the entire record, we are of opinion that, in the interests of justice, Apolenia Sielecki should be afforded an opportunity to amend her bill in the manner indicated so that she may obtain a hearing and disposition of her complaint upon its merits, and therefore enter the following order.

The final decree of February 25, 1932, dissolving the preliminary injunction and dismissing the bill is reversed; the preliminary objections to the bill and the motion to dissolve are reinstated and the record is remitted to the court below to the end that Apolenia Sielecki may be afforded an opportunity to amend, within such reasonable time as the court below may prescribe, upon penalty of dismissal of the bill; the costs on this appeal to abide the final determination of the cause.