## Uzarski, Appellant, *v.* Union National Bank.

Argued May 5, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Charles F. C. Arensberg,* of Patterson, Crawford, *Arensberg & Dunn,* with him *Ella Graubart,* for appellant.

*John M. Reed,* for appellee.

OPINION BY KENWORTHEY, J., July 16, 1943:

This is an appeal by plaintiff from an order sustaining defendant's affidavit of defense raising questions of law. The action is in trespass. The court was of opinion that the statement of claim did not set forth a good cause of action.

The statement alleges that plaintiff, on January 6, 1941, deposited in defendant-bank $1,700 "in the name of her husband, Frank Uzarski, or herself, Cecelia Uzarski"; that she received a pass book which, at the present time, shows a deposit liability of $1,747.21; that the money so deposited consisted of her individual earnings and moneys belonging to her separate estate in which her husband had no interest; that her husband has been inducted into the U. S. Army and has left her without adequate funds to support her children and herself; that she gave written notice entitling her to withdraw the fund on September 16, 1942; and that, in spite of the fact that she has notified the defendant that the moneys on deposit in the account belong exclusively to her and that she is in urgent need of the funds, the bank has refused, in violation of its contract, to permit her to withdraw them. She further alleges that as a result of the refusal of the defendant to pay the deposit she "has suffered great damages; she has been without funds to take care of the needs of herself and her children; she has been greatly inconvenienced and embarrassed; and she has had to employ counsel to advise her and to bring this action to compel the payment of the money standing in her account and due and owing to her as aforesaid." She asked damages in the sum of $2,500.

We agree with the court below that appellant has not made out a good cause of action in trespass.

Although the breach of a contract may give rise to

an action in trespass (*Hoehle v. Allegheny Heating Co.,* 5 Pa. Superior Ct. 21,) ordinarily the mere refusal to pay money due under a contract does not amount to a tort. Plaintiff has not alleged that the bank's refusal to pay was with the malicious purpose of causing her harm. See Restatement, Torts, Sec. 870. And the case is very different from the authorities relied upon in which a bank has been held liable for the negligent failure to honor the check of a depositor with resulting loss to the depositor's credit. See *First National Bank of Tamaqua v. Shoemaker,* 117 Pa. 94, 11 A. 304; *Patterson v. Marine Natl. Bank,* 130 Pa. 419, 18 A. 632; *Weiner v. North Penn Bank, Inc.,* 65 Pa. Superior Ct. 290; *Lazar v. State Bank of Philadelphia,* 77 Pa. Superior Ct. 567. The difference is this: The failure of a bank to honor the check of a depositor involves a legally recognizable risk of harm to the depositor's credit. A bank must be held to be aware of this risk and to assume the responsibility for it as a part of its undertaking. Ordinarily no such risk is involved in the refusal of a bank to pay the money directly to the depositor on his demand.

Although plaintiff has not sufficiently alleged a trespass, we might be inclined to disregard the form of the action, as we did in *Nock v. Coca Cola Bottling Co.,* 102 Pa. Superior Ct. 515, 156 A. 537, and hold that the statutory demurrer was improperly sustained and that the question of the measure of damages could await the trial. But we cannot do so in the present case. If the action is sustainable at all it must be in assumpsit for the payment of the fund, as distinguished from an action for a trespass separately committed against one of two tenants by entireties. And such action must be brought in the joint names of both.

Plaintiff created an estate by entireties even though the money deposited belonged exclusively to her (*Blick v. Cockins,* 252 Pa. 56, 97 A. 125), and even though the

account was opened in the name of the husband *or* wife with the right of either to withdraw. *Berhalter v. Berhalter,* 315 Pa. 225, 173 A. 172; *Madden v. Gosztonyi Savings & Tr. Co.,* 331 Pa. 476, 200 A. 624. "The incidents of such an estate are unity of interest, title, time and possession, with the right of survivorship ...... One of the parties cannot destroy the incidents of the entirety by an act of his or hers ...... Where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be exercised in good faith for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto." *Berhalter v. Berhalter,* supra, at 227, 228.

In the absence of notice by one of the parties not to pay, the bank may voluntarily pay the whole amount to either and discharge its liability. *Madden v. Gosztonyi Savings & Tr. Co.,* supra. But whatever the reason for the refusal of payment, the legal incidents of the estate by entireties which plaintiff voluntarily created require that the action be maintained in the joint names of husband and wife. *Magee v. Morton B. & L. Assn.,* 103 Pa. Superior Ct. 331, 158 A. 647. This may be done without the consent of the husband and even against his will. *Pastore v. Forte,* 104 Pa. Superior Ct. 55, 158 A. 649; *Sielecki v. Sielecki,* 107 Pa. Superior Ct. 291, 163 A. 375.

The order is affirmed, and, since the statute of limitations has not run, leave is granted plaintiff to amend the cause of action and add the husband as party plaintiff within fifteen days.