## Wells v. Brown

*Edward B. Duffy*, for complainant.
*Hankin & Hankin*, for respondent.

KNIGHT, P. J., October 2, 1947.—Plaintiff filed a bill in equity alleging that she and defendant, while man and wife, purchased premises 2503 Parkside Avenue, Upper Moreland Township, taking title as tenants by the entireties, and that they also acquired and held as tenants by the entireties certain personal property, consisting of furniture, household appliances, war bonds and a bank account.

The bill further avers that the parties were divorced on December 27, 1946, and prays for the appointment of a trustee to sell said real and personal property in accordance with the provisions of the Act of May 10, 1927, P. L. 884.

On May 5, 1947, defendant filed preliminary objections to the bill, and, plaintiff not having filed an amended bill within the time allotted for that purpose by Rule 49 of the Rules of Equity Practice, defendant ordered the case on the argument list.

On September 8th when the case was called for argument, plaintiff in open court filed an amended bill.

This pleading was too late under Rule 49, but counsel for defendant made no objection to its filing, so we will consider it filed in accordance with the rule. We take this view because we would probably have allowed plaintiff to amend if we held the first bill to be defective.

Defendant makes no objection to the bill so far as the real estate is concerned. As to the personalty defendant objects (1) that the bill does not describe with particularity the personal property, and the facts as to this type of property were insufficiently averred; (2) that the allegations as to the personal property are not relevant because the Act of 1927 does not apply to personal property.

We believe the first objection is overcome by the amended bill, which describes with particularity the personal property.

The second question raises a question which is difficult. The Act of 1927, above referred to, is entitled:

"An act modifying the common-law rule relating to property hereafter acquired by husband and wife as tenants by entireties, where such husband and wife are subsequently divorced; providing for the sale of property held by husband and wife as tenants by entireties where they have been divorced; and directing the distribution of the proceeds of such sale."

What is meant by the word "property" as used in this act? Does it include personal property? That there can be tenancy by entireties in personal property is well settled: Madden et al. v. Gosztnyi Savings & Trust Co., 331 Pa. 476 (1938). The quality of this tenancy prior to the Act of 1927 was not changed by the divorce of the tenants: Alles v. Lyon, 216 Pa. 604 (1907). The Act of 1927 provides that subsequent to a divorce of tenants by entireties the interest of each tenant shall be conclusively deemed to be one half the value of the property held as tenants by entireties. This modified the common-law rule.

The word "property" is broad enough to include real estate and personal property, and it is not likely that the legislature would pass an act modifying the common-law rule as to real estate held as tenants by entireties subsequently divorced and leave the law as to personal property held the same way untouched. There is nothing in the title or body of the act which clearly expresses a legislative intention to restrict its provisions to real estate. True, there are provisions which more aptly apply to land than to chattels, such as "posting" the property to be sold, and in section 4, dealing with property located in different counties, the words "property" and "land" are used as synonymous terms. More particularity and formality are necessarily required in the sale of real estate than in the sale of chattels, and the procedural references to real estate should not be construed as a limitation on the effectiveness of the act as to other forms of property: 2 Freedman, Law of Marriage and Divorce in Pennsylvania, 1398.

We can find little or no help in the reported cases. The appellate courts have apparently never decided the question, and the only reference we have found to it is contained in the case of Magee et ux. v. Morton Building & Loan Assn., 103 Pa. Superior Ct. 331 (1931), where we find the following (p. 337):

"We may add that counsel on both sides state in their respective histories of the case that the owners of these shares were divorced subsequent to the institution of the action. This fact does not appear in the pleadings, but even if it did the questions now involved would not be thereby affected in any way. 'After a divorce the estate retains the incidents which pertained to it at its inception': O'Malley v. O'Malley, 272 Pa. 528. The Act of May 13, 1925, P. L. 649 (assuming it applied to personal estates), authorized, upon a divorce of the parties, an action in equity for the division of property held as tenants by entireties. This act, however, was repealed by the Act of May 10, 1927, P. L. 884, providing for the division by a court of equity of estates acquired after its passage. No use can be made of the provisions of this statute because the stock here in question was alleged to have been purchased in April, 1920."

This is not very helpful. In the lower courts we have found but one case in which personal property was involved, that of Reitz v. Reitz, 56 York 79 (1942). In this case the chancellor did not discuss the question before us, he simply assumed that the act applied to personal property. All of the other reported cases brought under the Act of 1927 or its predecessor, the Act of 1925, and we could only find eight of them, concerned real estate only and the question as to personal property was not involved.

We are of the opinion that, if the legislature intended to restrict the remedial statute to real estate, it would have said so, and, in the absence of a clearly expressed legislative intent to so restrict it, this court should not write the restriction into the act.

There is another reason why we think the preliminary objections should be dismissed. The bill charges that defendant has sold some of the tangible property owned by the parties as tenants by the entireties, and has converted the proceeds to his own use; it also charges that he has appropriated to his own use the

money in a joint bank account. If this be true, we believe we could declare him a constructive trustee and force him to account to plaintiff under the prayer for general relief.

And now, October 2, 1947, the preliminary objections to the bill are dismissed, and defendant is directed within 15 days to answer on the merits under penalty of having the bill taken pro confesso.

EDITOR'S NOTE: But see Barrett v. Barrett, 62 D. & C. 362.