## Kline et ux. v. Ranken

*Milton Jacobson*, for plaintiffs.
*Harry & Jones*, for defendant.

FORREST, J., June 18, 1951.—Plaintiffs, who are husband and wife, have brought suit to recover from defendant the damages to their automobile, which they own as tenants by the entireties. Defendant desires to bring upon the record as an additional defendant, plaintiff Edward F. Kline, the operator of the automobile, on the theory that Edward F. Kline was "alone liable or jointly liable". Realizing that Pa. R. C. P. 2252 does not permit the joinder as an additional defendant of "a party to the action", he asks that a severance be ordered so that the husband could be made an additional defendant in the wife's action, under the theory that there are two claims here, one by the husband and one by the wife.

Defendant petitioner cites in support of his position the case of Benson et al. v. Shenango Valley Transportation Co., 63 D. & C. 281 (1948), wherein a severance was allowed in a similar case. However, there were two distinguishing features in that case; first, there were claims by third persons for personal injuries and in respect thereto the court said (page 283) :

"The amounts claimed for personal injuries affect more persons and are declared to be substantially larger than the amount claimed for damage to the vehicle. Accordingly severance should be allowed."

Without commenting upon this conclusion, suffice it to say that here there are not claims by third persons in any amount. The second reason given for the court's conclusion is contained in the following quotation (page 283):

"It has been the law since Fairchild v. Chastelleux., 1 Pa. 176, decided in 1845, that one of two tenants to real estate held by the entireties may bring an action for damage to it, a position substantially reaffirmed in Madden et al. v. Gosztonyi S. & T. Co., 331 Pa. 476."

Apparently the court has concluded from that premise, i. e., that either husband or wife could bring the action, that there were two claims and accordingly, two actions. The premise that either one of the tenants could bring the action is not the law in this Commonwealth, as is pointed out in Sielecki et al. v. Sielecki et al., 107 Pa. Superior Ct. 291, 295 (1932):

"The basic error in this case was committed at this point. For the reasons stated at length in Magee et ux. v. Morton B. & L. Association, 103 Pa. Superior Ct. 331, and Pastore v. Forte, 104 Pa. Superior Ct. 55, Apolenia Sielecki should have joined her husband as a party plaintiff in this action, and had a right to do so even against his protest. When so joined, he could not have discontinued the proceeding as to himself. The preliminary objections should, therefore, have been sustained and Apolenia Sielecki required under Equity Rule 49, to amend, within a prescribed time, by joining her husband as a party plaintiff with her and by striking out his name as a party defendant, under penalty of dismissal of the bill for failure to comply with such order."

To the same effect, Uzarski v. Union National Bank, 152 Pa. Superior Ct. 433, 436 (1943):

"But whatever the reason for the refusal of payment, the legal incidents of the estate by entireties

which plaintiff voluntarily created require that the action be maintained in the joint names of husband and wife. Magee v. Morton B. & L. Assn., 103 Pa. Superior Ct. 331, 158 A. 647. This may be done without the consent of the husband and even against his will. Pastore v. Forte, 104 Pa. Superior Ct. 55, 158 A. 649; Sielecki v. Sielecki, 107 Pa. Superior Ct. 291, 163 A. 375."

See also Pastore v. Forte, 104 Pa. Superior Ct. 55 (1932).

Furthermore, the theory of the Fairchild case, supra, is no longer acceptable, as is pointed out in O'Malley v. O'Malley, 272 Pa. 528 (1922), when the court said (page 532):

"Before the passage of the various statutes relating to the property of a married woman, a husband who held with his wife an estate by entireties, had absolute control of it and its income, exactly as if he were the owner in fee; he could alien it and the purchaser would obtain an estate for the life of the husband and an absolute estate in remainder, if the latter survived his wife; if waste was committed he could sue in his own name and for his sole benefit, to recover for the resultant injury, even though the effect of the waste was to render practically valueless the property which would be the wife's if she survived him: Fairchild v. Chastelleux, 1 Pa. 176. This, however, was not an incident of the estate by entireties, but of the marital relation, and applied to the property of the wife, whether owned in fee simple or otherwise. All this was changed, however, by these acts, . . ."

Thus, we see that there are not two actions but only one, which, of course, is not severable.

It would be rank inconsistency to rule that although one of the tenants cannot bring the action, we would sever the action into two actions, thus compelling a result not allowed to be accomplished by the parties

themselves. This conclusion is consistent with the cases and the authorities from the time of Blackstone and Coke, as is pointed out in a thorough analysis of tenancies by the entireties by the late Chief Justice Kephart in Madden et al. v. Gosztonyi S. & T. Co., 331 Pa. 476, 481 (1938):

"Tenancies by the entireties, our major concern, resemble joint tenancies. All four of the unities are present. But as Blackstone says (page 182): '. . . if an estate in fee be given to a man and his wife, they are neither properly joint-tenants, nor tenants in common; for husband and wife being considered as one person in law, *they cannot take the estate by moieties, but both are seised of the entirety, per tout, et non per my:* the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor.' To the four unities of a joint tenancy therefore is added the *unity of the husband and wife as a person* in the law. Coke upon Littleton, section 291, in treating the subject of entireties, refers to the *unity of husband and wife as the basis for the estate.* . . ." (Italics supplied.)

From this the conclusion is inescapable that a husband and wife as *one* hold the estate as an *entirety* and therefore, there are not two interests nor are there two estates. Accordingly, again the action is not severable.

There is no doubt that it is within the discretion of the court by reason of its inherent power to separate causes of action: Stokes et al. v. Giarraputo & Son (No. 1), 42 D. & C. 161 (1941). This power of severance is not derived from Pa. R. C. P. 213(*b*) as contended by defendant. That rule merely allows the severance of the cases for trial purpose and not the severance of the causes of action: Judge et al. v. Lang, 43 D. & C. 511 (1941).

It is not necessary at this time to decide or even discuss what the result would be if the jury should find that plaintiff husband was guilty of contributory negligence. Suffice it to say that the trial judge should submit the question of the negligence of plaintiff husband to the jury for a special finding under Pa. R. C. P. 2257, which provides:

"Upon the court's own motion or the request of any party, the jury, or the court, if the action is tried without a jury, shall return, in addition to a general verdict or finding, such specific findings as will determine the issues among all parties. Questions submitted to the jury for special findings shall be prepared or approved by the court and shall be in writing."

And now, June 18, 1951, for the foregoing reasons, it is ordered, adjudged and decreed that the rule is discharged.