## Martier v. Equitable Gas Co.

*Arnold D. Wilner,* for plaintiff.

*William J. Lancaster* and *Louis R. Dadowski, Jr.,* for defendants.

LEWIS, J., June 5, 1967.—This matter is before the court on the preliminary objections of additional defendant Nick Scialabbi.

Plaintiff brought an action against Equitable Gas Company (hereinafter called Equitable), alleging injuries suffered on April 25, 1964, at or near the intersection of Main Street and Tenth Street, Sharpsburg, Allegheny County, Pa. On July 21, 1966, Equitable joined Nick Scialabbi and Samuel Segal as additional defendants, alleging that Scialabbi was the owner

and Segal the tenant of certain premises adjacent to the scene of the accident.

Scialabbi has now filed preliminary objections requesting that the action against him be dismissed for failure to join an indispensable party. It is alleged by Scialabbi that he and his wife, Anna Scialabbi, are owners of the property in question as tenants by the entireties, and that Anna Scialabbi was not named as an additional defendant. These allegations are not denied by Equitable.

The question for determination is whether Pennsylvania Rule of Civil Procedure 2227, dealing with compulsory joinder, applies to tenants by the entireties. Section (a) of that rule states:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants".

It is urged by Equitable that the nature of a tenancy by the entireties is not such as to require a compulsory joinder, in that the tenants by the entireties do not have "only a joint interest" in the property.

Research has failed to disclose any reported case wherein the question of the application of this rule to tenants by the entireties who were party defendants has arisen. The problem has arisen, however, in situations involving party plaintiffs who were tenants by the entireties. In these cases, the courts have applied rule 2227 to require the joinder of the second tenant by the entireties: Laspina v. Schade, 18 D. & C. 2d 68; Berk v. Paul J. Schneider Co., 13 Bucks 611.

In Uzarski v. Union National Bank, 152 Pa. Superior Ct. 433, the Superior Court noted ". . . the legal incidents of the estate by entireties which plaintiff voluntarily created require that the action be maintained in the joint names of husband and wife".

In discussing the application of rule 2227, the Luzerne County Court stated "Examples of persons who

have only a joint interest in the subject matter are joint tenants or tenants by the entireties": Molitoris v. Sullivan Trail Coal Co., 24 D. & C. 2d 438.

It is obvious, therefore, that interpretation of rule 2227, as far as party plaintiffs are concerned, has made it clear that tenants by the entireties possess "a joint interest" within the meaning of the rule so as to require their compulsory joinder. There appears to be no compelling reason why the same requirement should not apply to party defendants.

Further, it is clear that where the liability of defendants arises as a consequence of their joint ownership of property, the liability is solely joint: Minner v. Pittsburgh, 363 Pa. 199.

A careful consideration of the case law arising out of rule 2227 leads to the conclusion that in the present situation, both Nick Scialabbi and Anna Scialabbi, as tenants by the entireties, are required to be joined as party defendants.

Were it within the province of the court, it would now be ordered that Anna Scialabbi be joined. However, the statute of limitations now bars her joinder. While it is true that the statute of limitations is an affirmative defense, it is clear that rule 2232, which provides for joinder by order of the court, will not permit the joinder of a party who cannot now be sued because of the statute of limitations.

Anna Scialabbi was an indispensable party, and the failure of Equitable to join within the time permitted requires that the complaint against Nick Scialabbi be dismissed.

## Order of Court

And now, to wit, June 5, 1967, it is ordered, adjudged and decreed that the preliminary objections of additional defendant Nick Scialabbi be and the same are hereby sustained, and the complaint against Nick Scialabbi as additional defendant be dismissed.