## Sokol v. Steel

*John Rufe*, for plaintiff.
*Robert Suter*, for defendant.

KELTON, *J.*, February 28, 1978—This case arose from a contract between plaintiff Edward

752

Sokol and defendant William C. Steel entered into on November 22, 1974, for the installation of a roof on premises owned by plaintiff and his wife as tenants by the entireties. The complaint alleges that on April 6, 1975, approximately two months after the completion of the work, a windstorm caused considerable damage to the roof. Plaintiff then sued defendant alleging faulty and unworkmanlike installation, and demanded judgment for the amount he had expended to replace the roof, $4,944.72. Plaintiff was awarded full recovery against defendant Steel by a board of arbitration on December 29, 1976. Steel has appealed from that award and has moved to dismiss the case for failure to join an indispensable party under Pa.R.C.P. 1032.[1]

Plaintiff has answered the motion to dismiss denying a failure to join an indispensable party, and in the alternative has asked leave to amend to join plaintiff's wife as a party. This matter is now properly before us pursuant to Bucks County Rule *266. We deny the motion to dismiss.

Defendant Steel's argument, briefly stated, is that plaintiff must join his wife as a party since she is in joint ownership with him of the property in question as a tenant by the entireties. Her rights to the property, Steel argues, will be affected by the present action, and thus her presence is indispensable to its continuation. Plaintiff, on the other hand, argues that his wife is merely an incidental beneficiary to the contract between defendant and himself, and, since she has no enforceable rights in the contract pleaded she need not be joined. The

1. The defense of failure to join an indispensable party is not waived by the failure to preliminarily object thereto: Pa.R.C.P. 1032(1).

test to be applied in determining whether or not a party is indispensable is whether the absent party's rights are " . . . so connected with the claims of the litigants that no decree can be made between them without impairing such rights." Powell v. Shepard, 381 Pa. 405, 412, 113 A. 2d 261 (1955). Defendant has cited several cases which illustrate that both tenants by entireties must be joined in an action based upon injuries due to *negligence* on the part of the land owners. However, we deal herein with an action based upon a *contract*, which raises different and distinguishable issues. Defendant has also referred us to Berk v. J. Schneider Co., 13 Bucks 611 (1964), which involved a husband's contract for repair and delivery of the family car, an entireties property, to a repair shop, and his wife's attempt to bring a trespass action for damages for its unlawful detention. There the court found that in an action by one spouse for the preservation of an entireties property which has been threatened by the actions of the other spouse, both tenants by the entireties must be joined. On the facts of the instant case, however, we are unable to find that the main purpose of the action was to preserve the property, but rather it was to vindicate a contractual right.

We have been unable to locate any appellate authority on this precise issue, but we have examined and decline to follow the cases of Garbosky v. Toman, 56 Lack. Jur. 174 (1955), and Gottschall v. Green, 5 Lyc. 99 (1955), in which the issue was whether each spouse was an indispensable party to proceedings involving a contract entered into solely by one spouse and concerning the entireties property. In both cases, the courts found the non-contracting spouse was a necessary party. Garbosky relies upon the case of Sielecki v. Sielecki,

107 Pa. Superior Ct. 291, 163 Atl. 375 (1932), where the Superior Court found a husband to be an indispensable party where his wife was seeking to enjoin the husband's contract to permit timber to be cut on their entireties land. Gottschall on the other hand, relies upon Uzarski v. Union National Bank, 152 Pa. Superior Ct. 433, 33 A. 2d 459 (1943), a case where both spouses entered into a joint bank account, and the court held that both were necessary parties to an action aimed at recovering funds withheld by the bank. We also find this case distinguishable, since in Uzarski both spouses were parties to the contract originally.

The cases of Medleycott v. Harris, 64 D. & C. 2d 780, 25 Bucks 21 (1973), and Wrigley v. Heldor, 27 Bucks 156 (1974), cited by defendant are not in point. Medleycott involved a suit for personal injuries against one of two tenants by the entireties for allegedly defective maintenance of defendant's land, and in Wrigley the statue of limitations had run against both tenants by the entireties before an attempt was made to join either spouse in the action.

We are persuaded, however, by the reasoning expressed in Weinberg v. Oyer, 7 Cumberland 84, 85 (1953), where a husband contracted to have a building erected upon entireties property, and later sued the contractor for negligent performance. In holding that the wife was not an indispensable party, the court stated:

". . . The erection of the building, although it was not as contemplated, was a benefit to the wife and the fact that such benefit was not as large as it would have been if the defendant had complied with his contract gave the wife no right of action against the defendant because the wife cannot be

considered a third party beneficiary, for any benefit or interest of hers, in the performance of the contract in question, was purely incidental. 'An incidental beneficiary acquires by virtue of the promise no right against the promissor or the promissee.' Restatement of the Law of Contracts, §147. If the wife can be considered as a third party beneficiary under the contract because the building would enhance the value of her real estate and has a right to bring suit on the contract, nevertheless, it was not necessary for her to be joined by the plaintiff as a necessary party for under Pa.R.C.P. Rule 2002 (b)(2) the plaintiff, being the person with whom the contract was made, had the right to bring the suit in his own name."

Under Pa.R.C.P. 2002 (b) a plaintiff " . . . may sue in his own name without joining as plaintiff or as use-plaintiff any person beneficially interested when such plaintiff. . . (2) is a person with whom or in whose name a contract has been made for the benefit of another . . ."

. We therefore hold that plaintiff Sokol may, but is not required to join his wife as a co-plaintiff under Pa.R.C.P. 1032, 2002 and 2227. Should plaintiff wish to join his wife in this action, we would in any event grant him leave to amend his complaint rather than dismiss the action.

## ORDER

And now, February 28, 1978, the motion to dismiss of defendant William C. Steel is overruled. Plaintiff, Edward Sokol, however, is granted leave to file an amended complaint adding his wife as a party plaintiff if he should so desire within 20 days of the date of this order.