## GLEN ROCK BOROUGH

v.

**Esther MILLER and James E. Holmes.**

**Appeal of Esther MILLER, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1998.

Decided Nov. 16, 1998.

Robert L. Buzzendore, York, for appellant.

Maria Musti Cook, York, for appellee.

Before FRIEDMAN and FLAHERTY, JJ., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Esther Miller appeals from an order of the York County Court of Common Pleas denying her petition to strike off or, in the alternative, to open judgment.

The following facts were culled from the parties' briefs and the record. Esther and her husband William owned property in Glen Rock Borough. The borough zoning officer issued their tenant, James E. Holmes, a use permit in January 1994 so that he could operate an outdoor auto repair shop and short-term parking lot on the premises. In June 1995, the borough notified the Millers and Holmes of zoning violations on the premises, but they neither appealed the violation notice to the zoning hearing board nor corrected the problems. Specifically, Holmes had kept out-of-repair and dismantled vehicles, without current registration and license tags, on the property for over four months. The borough then filed a civil complaint before a district justice asking that she impose a $500.00 per day fine. At the October 24, 1995 hearing in this matter, William Miller appeared *pro se.* The district justice entered judgment against Esther and William Miller and James E. Holmes individually in the amount of $100.00 per day plus costs and counsel fees.[1]

---

1. The notice of judgment/transcript signed by the district justice states that the amount of the judgment against Esther Miller is $100.00 per day, judgment costs are $50.00, and attorney's fees are $692.00, for a total of $842.00, and that any party may appeal within 30 days of the judgment date.

On November 21, 1995, William Miller filed an appeal from the district justice's entry of judgment and a rule to file a complaint. On December 12, 1995, the borough recorded the judgments against Esther Miller and James E. Holmes in the court of common pleas, and the prothonotary mailed notice of these entries of judgment.[2] On January 2, 1996, the borough then filed a complaint against William Miller only. After Judge Emanuel Cassimatis of the York County common pleas court heard the case in July 1996, he entered a verdict against William Miller in the amount of $300.00 plus costs of suit. The borough asked for reconsideration of the common pleas court's order entering judgment in this amount. The court modified its earlier order and, on October 10, 1996, judgment was entered against William Miller in the amount of $1,654.35. William Miller did not appeal that order.

Esther Miller contends that the borough subsequently demanded that she pay $28,-100.00, representing 281 days of her failure to pay the $100.00 per day fine imposed by the district justice.[3] Consequently, the Millers hired an attorney in March 1997. This attorney sent a letter to the borough solicitor contending that the fine against Esther Miller was improper because William Miller's appeal from the district justice's entry of judgment also applied to Esther. The borough solicitor said that she would consider the matter, but the parties had no further communication until May 5, 1997, when Esther Miller filed a petition to strike off/open the judgment recorded on December 12, 1995. President Judge John Uhler denied this petition without hearing additional testimony or taking evidence, explaining that Judge Cassimatis' decision entering judgment against William Miller represented "the law of the case" and that Esther Miller's motion was

untimely. Esther Miller then filed a notice of appeal with the Superior Court, which heard oral argument in this case. That Court then transferred that appeal here.

■ Esther Miller now raises two questions for our review. 1) Whether the trial court committed an error of law by concluding that William Miller's appeal from the district justice's entry of judgment failed to operate as an appeal on behalf of all defendants; and 2) whether the trial court erred in concluding that the petition to open failed to contain justification for delay in the filing of the petition.[4]

Esther Miller first asserts that she reasonably believed that her husband's appeal from the district justice's entry of judgment operated as an appeal on behalf of all defendants, and, therefore, we should not consider the December date in assessing the timeliness of her motion. Further, she contends that the December 12, 1995 entry of judgment against her was void *ab initio* because of William Miller's November appeal. Miller cites, *inter alia*, *Burrell Industries, Inc. v. Phillips*, 8 D. & C.4th 665 (1990) to support her position that one party's appeal from a district justice judgment operates as an appeal by all parties as to all issues. This position models Pa. R.C.P. No. 1309, with respect to appeals from arbitration awards.[5] Esther Miller acknowledges that no appellate court in this Commonwealth has decided the issue of whether an appeal by one party of a district justice judgment operates as an appeal by all parties as to all issues. She urges us, however, to adopt the rationale of the trial court in *Burrell*. Even if we do not, Esther Miller argues that the trial court should have accepted additional evidence or heard argument on the intention of William

2. Both Esther Miller and Holmes received notices stating that a judgment in the amount of $4,542.00 had been entered against her/him on December 12, 1995.

3. In its brief at p. 4, the borough states that it never made such a demand. It asserts that, instead, the borough mayor "met informally" with the Millers in March 1997 to talk about "a resolution of the outstanding judgments[.]"

4. A petition to open judgment is an appeal to the court's equitable powers and the trial court's

exercise of its discretion will not be disturbed unless there has been a clear abuse of discretion. *Brady Township v. Ashley*, 17 Pa.Cmwlth. 226, 331 A.2d 585 (1975).

5. Pa. R.C.P. No. 1309, relating to compulsory arbitration, states: "An appeal by any party shall be deemed an appeal by all parties as to all issues unless otherwise stipulated in writing by all parties."

Miller to have his appeal also include his wife.

■ Since there is no procedural rule promulgated by the Pennsylvania Supreme Court to support the Allegheny County common pleas court holding in *Burrell,* we cannot embrace Esther Miller's assertion that, by operation of law, an appeal by one party from a district justice judgment encompasses all parties as to all issues. Nonetheless, from the limited facts on ownership of the subject property that were presented to us, we believe that Esther should have been joined in her husband's appeal. Pa. R.C.P. No. 2227(a), regarding compulsory joinder, provides: "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

While the record is unclear as to how the Millers held their property (*e.g.,* tenancy by the entireties, tenancy in common), there appears to be no dispute that they owned it together. *Although it obtained judgments against them on the same date and the zoning violations on jointly held property were the same,* the borough's actions in proceeding against the Millers were confusing and clearly contributed to Esther's belief that her husband's appeal from the district justice judgment also must have included her.[6] In reaching this conclusion, we note that it is the single property that was subject to violations, not the separate conduct of individuals.

This is true even though in *Commonwealth of Pennsylvania v. DeLoach,* 714 A.2d 483 (Pa.Cmwlth.1998), this Court recently held that a husband and wife, who each received 265 citations for violations of a junkyard ordinance committed by the tenant on their property, were properly given *notice* of the charges individually. We explained:

> When property is held by tenancy by the entireties, that does not mean a husband and wife are to be treated as a single entity for all matters regarding the prop-

erty. For example, our Supreme Court in Teslovich v. Johnson, 486 Pa. 622, 406 A.2d 1374 (1979), held that the husband and the wife individually were each "owners" who were required to be given notice of a pending tax sale under the Real Estate Tax Sale Law because otherwise, their due process rights would be violated. Similar due process considerations are present here. Due process certainly would be violated here if they were not charged individually.

*Id.,* 714 A.2d at 487–488.

Despite the fact that there is no question that the Millers received adequate and separate notice of the judgments against them, due process considerations are also present here. By failing to include Esther in the suit brought against William in common pleas court, the borough, albeit unwittingly, may have denied her an opportunity to be heard in her capacity as owner of the property.[7] This is particularly true if Esther and William owned their property as tenants by the entireties, since Esther reasonably relied on her status as William's wife to think that his appeal from the district justice judgment necessarily included her. In fact, we point out that, when Judge Cassimatis first decided William Miller's appeal in July 1996, the judge himself thought that the district justice's $100.00 per day fine not only encompassed William, *but also Esther* and even James Holmes. (*See* Order dated July 12, 1996).

As the Superior Court stated in *DeCoatsworth v. Jones,* 414 Pa.Super. 589, 607 A.2d 1094, 1098 (1992), *affirmed in part and reversed in part on other grounds,* 536 Pa. 414, 639 A.2d 792 (1994) (emphasis added and in original) (quoting *Magee et ux. v. Morton B. & L. Ass'n.,* 103 Pa.Super. 331, 158 A. 647, 648 (1931)):

> There is however authority for holding that in a joint tenancy the joint tenant must join, and be joined, in *real,* mixed and personal actions: Milne v. Cummings, 4

---

6. We note that the notice sent to Esther Miller of the judgment recorded on December 12, 1995 contained the caption "Glen Rock Borough, Plaintiff(s) vs. *William Miller,* Esther Miller, and James E. Holmes, Defendant(s)[,]" thereby only contributing to the confusion.

7. This was not the situation in *DeLoach,* where both husband and wife had an opportunity to be heard in a *de novo* hearing before the trial court.

Yeates 577. This case is cited in Mobley v. Bruner, 59 Pa. 481, 484, where it is said: "*Even joint tenants, who are regarded as having one entire and connected right,* and are said to be seized *per my and per tout,* each having the entire possession as well of every parcel as of the whole, *cannot sue separately for themselves,* or for the joint benefit of themselves and their fellows, *but must join and be joined in all actions respecting the estate:* 1 Tho. Co. Litt. 736." ... *These principles apply with even greater force to an estate by the entireties.* (emphasis added).

Here, the record falls short in at least one curious evidentiary respect—that is, how do Esther and William hold the property that was violative of the zoning ordinance. Because the petition to strike off or, in the alternative, open judgment offers sufficient reason for Esther's delay in filing it (her reasonable belief that her husband's appeal necessarily included her), we vacate the common pleas court's order denying that petition. We also remand the case to that court for a hearing in which additional evidence with respect to how the Millers held their property shall be taken. If, based on this additional evidence, the common pleas court determines that the Millers did in fact hold the property jointly, then Esther should have been joined as an indispensable party in William's appeal, and the judgment entered against her on December 12, 1995 is void.[8]

### ORDER

AND NOW, this 16th day of November, 1998, the Order of the Court of Common Pleas of York County, dated May 5, 1997, is hereby vacated, and the case is remanded for a hearing wherein additional evidence with respect to how the Millers held their property shall be adduced.

Jurisdiction Relinquished.

FRIEDMAN, J., concurs in the result only.

---

**8.** There would even be a question as to the common pleas court's subject matter jurisdiction over William's appeal for the failure to join an indispensable party.