## Mobley *versus* Bruner.

1. The refusal of the court below to enter a compulsory nonsuit is not reviewable on error.

2. As against a defendant who showed no title and who is a mere intruder, a plaintiff in ejectment is entitled to recover on showing that his ancestor died in possession of the premises.

3. The entry of a tenant in common will enure to the benefit of his fellows not only as concerns themselves, but also as regards strangers.

4. The law would presume that a co-tenant entered in that character and his possession would be according to his estate and would be that of his fellows.

5. A plaintiff in ejectment must recover on the strength of his own title and in accordance with it.

6. Tenants in common have several and distinct titles and estates independent of each other, so as to render the freehold several; there is no privity of estate between them.

7. Tenants in common must sue separately in actions savoring of the realty, though they join in actions relating to some entire indivisible thing and in trespass relating to possession and in debt for rent, but not in an avowry for rent.

8. Joint tenants cannot sue separately for themselves or for the joint benefit of themselves and their fellows, but must join in all actions respecting the estate.

9. One tenant in common cannot maintain ejectment or sue and recover in any form of action for the interest and benefit of the others.

10. A plaintiff in ejectment who parts with his title to his co-tenant pending the action cannot recover the land for the use of the vendee, nor can the co-plaintiff recover on the title thus conveyed to him.

November 16th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county:* No. 137, to October and November Term 1868.

This was an action of ejectment, commenced May 3d 1865, for 67 acres of land in Luzerne township, Fayette county.

On the 14th of December 1866, the court directed that Margaret Easter and eleven others alleged to be heirs of Achor Worley under whom the plaintiff claimed should be added as plaintiffs.

On the trial before Gilmore, P. J., the plaintiff gave in evidence a sheriff's deed dated June 15th 1823 to Achor Worley for a tract of 100 acres sold as the property of Noah Lewis; also that the land in controversy was this tract or part of it. Worley took possession, and died in possession, intestate as to this land, leaving eight sisters and two brothers of the whole blood; one of the sisters married Nathan Wright; the plaintiff Bruner is a grandson of that sister, his mother and father being dead. After Worley's death his widow continued in possession until 1835, her life estate having been at that time sold by the sheriff. A man named Riley went in after the sheriff's sale; one McGinnis took possession in 1839, and lived there until about 1863, when Mobley, the defend-

9 P. F. SMITH—31

[Mobley *v.* Bruner.]

ant, entered. The widow of Achor Worley died in 1857. On the trial the court, on motion of plaintiff's counsel, directed a nonsuit to be entered against all the plaintiffs except Bruner; to this the defendant excepted. The plaintiff having given the above facts in evidence closed;—the defendant gave no evidence.

The verdict was for plaintiff, with leave to the court, notwithstanding the verdict, to enter judgment for the defendant, if the court should be of opinion: First, that the plaintiff, Nathan Bruner, who is shown to be a tenant in common with others not upon the record, is able to recover the possession of the whole premises against the defendant, who has shown no title; and again, whether he can recover without showing more than that Achor Worley (under whom he claims title as one of his heirs) died in the possession of the premises, the defendant showing no title.

The court entered judgment for the plaintiff, Bruner, on the verdict.

The defendant took out a writ of error and assigned for error, that the court erred:

1. In allowing part of the plaintiffs to become *nonsuited*, at the instance of their co-plaintiff.

2. In not ordering a *nonsuit* to be entered against all the plaintiffs.

3. In directing the jury to find a verdict for the plaintiff.

4. In entering judgment on the verdict for the plaintiff.

5. In not stating upon the record, both the point reserved and the facts on which it arose.

*D. Kaine*, for plaintiff in error.—There was no evidence to entitle the plaintiff in error to recover, and the court should have directed a nonsuit: Pitts. and S. Railroad *v.* Gazzam, 8 Casey 340. The plaintiff must show title: Lykens *v.* Whelan, 3 Harris 483; Shumway *v.* Phillips, 10 Harris 151.

*D. Donner*, for defendant in error.—The court was bound to enter judgment against any plaintiff who did not prove a right to recover: Act 31st March 1823, § 1, 8 Sm. Laws 141, Purd. 366, pl. 14; Hinkle *v.* Riffert, 6 Barr 196. Against defendants who show no title it is enough for plaintiff to show a right of entry: Lair *v.* Hunsicker, 4 Casey 115; Riddle *v.* Murphy, 7 S. & R. 230. Bruner's entry is for the benefit of all: Campbell *v.* Galbreath, 5 Watts 423; Carothers *v.* Dunning, 3 S. & R. 373.

The opinion of the court was delivered, January 4th 1869, by
WILLIAMS, J.—There is nothing in the first three assignments of error requiring much discussion. The judgment of nonsuit was properly entered against the plaintiffs, who failed to establish their right to the land in controversy. It did the defendant no

[Mobley v. Bruner.]

harm, and was expressly authorized by the Act of the 31st of March 1823.

It does not appear that the court was asked to enter a compulsory nonsuit against all the plaintiffs, and if the record had shown such a request, the refusal of the court to order a nonsuit would not have been reviewable here: The United States Telegraph Company v. Wenger, 5 P. F. Smith 262.

The objection to the charge for misdirection in instructing the jury to find for the plaintiff has nothing to sustain it. The charge is not on the record, nor is there any bill of exception embodying its substance, and for this reason the alleged error should not have been assigned to it. But there is more substance in the 4th assignment. The verdict was for the plaintiff for the whole land in controversy, subject to the opinion of the court upon two questions reserved for consideration, with leave to enter judgment for the defendant notwithstanding the verdict, if of opinion that the law was against the plaintiff thereon, viz.:

1st. Can the plaintiff, who is shown to be a tenant in common with others not upon the record, recover the possession of the whole premises against the defendant, who has shown no title?

2d. Can he recover without showing more than that Achor Worley, under whom he claims title, or one of his heirs, died in the possession of the premises, the defendant showing no title?

Upon the hearing of the reserved questions the court directed judgment to be entered upon the verdict for the plaintiff, and the entry of this judgment is assigned for error.

As against the defendant, who showed no title, and who is to be regarded as a mere intruder, the plaintiff was entitled to recover on showing that his ancestor, under whom he claimed title as heir, died in possession of the premises: West v. Pine, 4 W. C. C. R. 691.

But was he entitled to recover the whole land of which he was tenant in common with other heirs? Undoubtedly his entry would enure to the benefit of his co-heirs, not only so far as concerns themselves, but as regards strangers. The law would presume that he entered in the character of a co-heir; and entering according to his estate, his possession would be according to his estate, and would be that of his co-heirs: Carothers v. Dunning, 3 S. & R. 373. But while this is the legal presumption as it respects the entry and possession of one tenant in common, it does not follow that he can maintain ejectment and recover the entire land, and that his recovery will enure to the benefit of his co-tenants.

A plaintiff in ejectment must recover on the strength of his own title, and his recovery must consequently be in accordance with his title. Tenants in common have several and distinct titles and estates, independent of each other, so as to render the freehold several also. They are separately seised, and there is no

[Mobley *v.* Bruner.]

privity of estate between them. And consequently they must sue separately in actions that savor of the realty, though they join in actions relating to some entire and indivisible thing, and in actions of trespass relating to the possession, and in debt for rent but not in an avowry for rent: Tillinghast's Adams's Eject. 210; 4 Kent Com. 369.

Even joint tenants, who are regarded as having one entire and connected right, and are said to be seised *per my et per tout*, each having the entire possession as well of every parcel as of the whole, cannot sue separately for themselves, or for the joint benefit of themselves and their fellows, but must join and be joined in all actions respecting the estate: 1 Tho. Co. Litt. 736; Milne *v.* Cummings, 4 Yeates 577.

If tenants in common are separately seised, and there is no privity of estate between them, if they must sue separately, or join according to the circumstances of the case, the nature and cause of the action, or the character of the injury to be redressed, it follows as a necessary corollary that one tenant in common cannot maintain ejectment or sue and recover in any form of action for the interest and benefit of the others. And in McCulloch *v.* Cowher, 5 W. & S. 427, the court 'went further than this, and decided that a plaintiff in ejectment, who parts with his title to his co-plaintiff after the commencement of the action, is not entitled to a verdict for the land for the use of the vendee, nor can such co-plaintiff recover on the title thus conveyed to him. If this be true, much less can one tenant in common recover for the use of his co-tenants who are not parties to the record, and who have not parted with their title. Though the plaintiff was not entitled to recover the whole land of which his ancestor died seised, he was entitled to recover his aliquot part or share, and for this reason, though compelled to reverse the judgment, we shall not enter it in favor of the defendant on the reserved questions *non obstante veredicto*, but remit the record for a new trial.

Judgment reversed, and a *venire facias de novo* awarded.