## MITTELSTADT v. KELLY.

1. APPEAL AND ERROR—DISMISSAL—COURT RULES—IRREGULARITY.
   Where the bill of exceptions was settled "by consent," although apparently not conforming to Circuit Court Rule No. 66, § 5, in that the assignments of error did not accompany the bill of exceptions, although it is possible they were in fact before the judge when it was settled, and were not returned to this court with the exceptions, the writ of error will not be dismissed, where no motion to dismiss was made, the question being raised at the hearing, and it is possible that, seasonably made, upon a dismissal a new writ of error could have been sued out and the irregularity cured.

2. ALIENS—RIGHT TO COURTS.
   While an alien enemy residing in his own country cannot maintain an action in the courts of this State, an alien residing here, and conducting himself properly under the law of our land, has the right to the protection of the law and may assert that right in our courts.

3. AUTOMOBILES—PERSONAL INJURIES—PLEADING—APPEAL AND ERROR—AMENDMENTS.
   In an action for personal injuries alleged to have been caused by the negligent driving of defendants' automobile, where Act No. 318, Pub. Acts 1909, referred to in plaintiff's declaration, had been repealed, and it should have referred to Act No. 302, Pub. Acts 1915, but the point was raised for the first time on motion for a new trial, the court below was not in error in denying the motion, since, if the point had been raised at the trial, an amendment would have been allowable.

4. SAME — JOINT OWNERS, LIABILITY FOR ACTS OF — STATUTES — INTENT.
   Where, in such action, the defendants, father and son, were joint owners of the automobile, and at the time the accident occurred it was being driven by the son, who was of age, and it is not evident that the legislature intended to make each part owner of an automobile liable for the consequences of the negligent operation of it by a co-owner or his agent, held, that the father was not liable under the act, and the judgment as to him should be reversed.

Error to Wayne; Dodds, J., presiding. Submitted June 14, 1918. (Docket No. 74.) Decided July 18, 1918.

Case by William Mittelstadt against George Kelly and Ira J. Kelly for personal injuries. Judgment for plaintiff. Defendants bring error. Affirmed as to defendant Ira J., and reversed as to defendant George Kelly.

*A. B. Hall* and *Frank W. Atkinson,* for appellants.

*Charles Bowles,* for appellee.

The cause of action arose October 3, 1915, the declaration (suit having been begun by summons, the date of which does not appear) was filed January 22, 1916, and the cause came on for trial June 28, 1917. Negligent management of an automobile by defendants is charged, resulting in a collision in which plaintiff was injured and some of his property destroyed. Among other things, it is alleged that the precautions required by subdivisions 1 and 2 of section 7 of Act No. 318, Pub. Acts 1909, were not taken, and in conclusion it is said—

"that by reason of the premises, and by virtue of the statute, and by reason of the neglect and default of the said defendants, as above set forth, this plaintiff has been damaged, etc., etc."

The plea is the general issue.

Plaintiff was born in Germany, coming to this country when about four years old. He testified that his father was naturalized here, and that he was himself a citizen of the United States; this upon his cross-examination and in answer to direct questions. He had been a fireman in Detroit for 18 years, and had lived upon a farm in Wayne county for 13 years.

The testimony for plaintiff tends to prove that he

had purchased a farm and was moving from the one he formerly owned. Driving a team of horses, seated on a wagon in which was a quantity of dishes, canned fruit and other personal property, upon the rear of which was suspended a lighted lantern, he left his old home Sunday morning, October 3, about half past one o'clock, to go to his new home. His road lay by way of Gratiot avenue into Detroit. While driving on Gratiot avenue, an automobile was driven into the rear of his vehicle.

The driver of the automobile was defendant Ira J. Kelly, a man 22 years old, who, with four male companions, had, during the evening, visited and drunk liquor at various roadhouses and saloons and were driving back to Detroit. The results of the collision and other testimony support the inference that he was driving his car carelessly and at a high rate of speed.

Defendant George Kelly is the father of Ira J. Kelly. The declaration alleges that the defendants owned, used, operated and controlled an automobile, which, upon the occasion in question, was driven by Ira J. Kelly. Otherwise, the allegations proceed as though both defendants did whatever is alleged to have been done. It is plaintiff's theory that defendants were joint owners of the car and therefore defendant George Kelly is liable as Ira J. Kelly is liable. And the jury was instructed that—

"unless the title or some portion of it at the time of the accident was in George Kelly he is not liable at all."

Among other requests to charge preferred by defendants are the following:

"2. The evidence shows that the plaintiff was born in Germany and there is no evidence that he ever became a citizen of the United States of America, or of any State thereof. The United States being at war with Germany, the said plaintiff is an alien enemy and has no standing in the courts of this State. As an

alien enemy he cannot recover a verdict in this court and you are directed to render a verdict of no cause of action as to both defendants.          :

"3. There is no evidence that George Kelly was the owner of the automobile in question at the time of the accident and you must therefore return a verdict of no cause of action as to the defendant George Kelly.

"4. The testimony is conclusive that the automobile was owned by defendant Ira J. Kelly at the time of the accident and any liability for the accident, if there be any, would be upon Ira J. Kelly alone."

There was a verdict for plaintiff against both defendants, and judgment was entered upon the verdict. A new trial was refused, the opinion being filed December 31, 1917, and the certificate of the court to the bill of exceptions is dated March 2, 1918. The appellants' assignments of error appear to have been filed March 4, 1918. It does not affirmatively appear whether they were or were not before the court when the bill of exceptions was settled, but does appear, by the said certificate, that exceptions were settled "with the consent of the respective parties." The return in the office of the clerk of this court indicates that the assignments of error were filed, not March 4, 1918, but June 5, 1918, and were not attached to the bill of exceptions.

Appellants' contentions are:

"1st. The right of an alien enemy to maintain an action.

"2d. The right to recover under the provisions of section 27, Act No. 302, Pub. Acts 1915, no violation of this act being set up in the declaration of plaintiff.

"3d. The constitutionality of Act No. 302, Pub. Acts 1915, and particularly of section 29 of this act.

"4th. The liability of a part owner under section 29, Act No. 302.

"5th. Whether or not there was competent evidence on which to submit the question of ownership as to defendant George Kelly.

"6th. The court erred in allowing counsel for the

plaintiff in his argument to refer to the financial condition of the defendants."

Ostrander, C. J. (*after stating the facts*).  Plaintiff, referring to Circuit Court Rule No. 66, section 5, and Supreme Court Rule No. 8, raises the point that because assignments of error did not accompany the bill of exceptions when it was settled, and were not returned here with the exceptions, there are no alleged errors to be reviewed and the judgment should be affirmed.  Apparently, the practice was irregular; but the bill was settled "by consent" and it is possible that the assignments of error were in fact before the court when it was settled.  Nor was a motion made here to dismiss, but the point is made at the hearing.  Seasonably made, it is possible that upon a dismissal a new writ of error could have been sued out and the irregularity cured.  Under the particular circumstances, we are not disposed to now dismiss or to affirm without consideration of the questions presented.

In refusing a new trial, the learned trial judge said:

"I am satisfied that the great weight of authority is to the effect that an alien enemy residing in his own country cannot maintain an action in this forum, but that an alien residing here and conducting himself properly under the law of our land has the right to the protection of the law and may assert that right in our courts."

In this conclusion we agree.  *Clarke* v. *Morey*, 10 Johns. (N. Y.) 68; *Seymour* v. *Bailey*, 66 Ill. 301; *Hutchinson* v. *Brock*, 11 Mass. 122; *Rothbarth* v. *Herzfeld*, 179 App. Div. 865; *Arndt-Ober* v. *Metropolitan Opera Co.*, 169 N. Y. Supp. 944.  See, also, *Viola* v. *Mackenzie, Mann & Co.*, 24 Dom. Law Rep. 208.

The declaration refers to the law of 1909, a law which had been repealed, when it should have referred to the generally similar act of 1915.  It is said the court was in error in submitting the case to the jury

as though the act of 1915 had been declared upon. On the motion for a new trial, the point was first raised and in denying the motion the court said, aptly we think:

"No such question was raised at the trial. If it had been, it would have been an abuse of discretion on the part of the court if an amendment were not allowed, if claimed by the plaintiff. While as I remember it the court's attention was not challenged to the declaration, I do not see but that it gave the defendant reasonable notice of the plaintiff's claim."

In our view of the responsibility of defendant George Kelly, it is not necessary to determine whether anything in section 29 of the act of 1915 offends the Constitution of the State.

The defendant George Kelly was held to be liable for the consequences of the actions of his son in driving the car, because he was a part owner, joint owner, of the car. It is, in the first place, doubtful if there is any testimony to support the proposition that the father and son were joint owners. It appears that the son bargained for the car with the former owner, and agreed with him about the purchase price, which was $1,200. It was a part of the bargain that the son should pay, and he did pay, $500 of the purchase price, and that the vendor should take for the balance of $700 a half acre parcel of land, the title of which stood in the father, but which the father had promised before then to give to his son. The money was paid and the car delivered, but the land, part of a larger parcel, had not then been surveyed. Later it was surveyed and the father, defendant George Kelly, conveyed it to the vendor instead of conveying it to his son, to be by him conveyed to the vendor. The jury found, however, evidently because of some statements made by the father, that he had paid a part of the

202—Mich.—34.

purchase price and was a part owner. The license for the car was obtained by the son and is in his name. Repairs to the car and expenses for maintaining it were paid for by the son. The father never drove it and rarely rode in it. No one but the son ever drove it.

But assuming that George Kelly was part owner of the car, he is not liable to the plaintiff in this action. The statute, Act No. 302, Pub. Acts 1915, is a part of chapter 89 of the Compiled Laws of 1915, entitled "Motor Vehicles."

Section 29 of the act (section 4825) reads:

"Civil actions. Nothing in this act shall be construed to curtail or abridge the right of any person to prosecute a civil action for damages by reason of injuries to person or property resulting from the negligence of the owner or operator or his agent, employee or servant, of any such motor vehicle, or resulting from the negligent use of the highway by them or any of them. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle, whether such negligence consists in violation of the provisions of the statutes of this State or in the failure to observe such ordinary care in such operation as the rules of the common law require: *Provided,* That the owner shall not be liable unless said motor vehicle is being driven by the express or implied consent or knowledge of such owner. In the event said motor vehicle is being driven at the time of said injury by the father, mother, brother, sister, son, daughter, or other immediate members of the family of the owner of said motor vehicle, then it shall be conclusively presumed that said motor vehicle is being driven by the consent or with the knowledge of such owner."

It is said by the plaintiff, appellee, that this section makes the owner liable if the car is driven with his knowledge and the defendant does not contend that this provision is unconstitutional. It is further argued

that if George Kelly was a part owner he would be liable under this section—

"without any reference whatever to the question of his relationship to Ira Kelly, the other defendant, for the reason that George Kelly, as above stated, had constant knowledge that his son, Ira Kelly, was driving the car. This being true, the remaining portion of the section wherein it is provided that the owner's consent shall be conclusively presumed if the car is being driven by the son, as in this case, would in no wise affect the interests of the defendant, George Kelly, for the judgment against him was not predicated upon that provision of the act."

It is a lawful thing for two persons to buy and own an automobile. Either owner has the right to use the car, the consent of the other being implied if there is no express agreement respecting the use to be made of it. Either owner could use it by driving it himself, or he could have an agent, employee or servant to drive it. It is evident that the legislature intended that the owner of a car should be liable for the consequences of his own negligent driving and for the negligent driving of those whom he permits to drive it. In the main, the statute declares the rule of the common law and there lies at the foundation of the statute and of the common law rule the fact that the owner of a car may choose his agents and employees and may control possession of the vehicle. It is not evident that the legislature intended to make each part owner of a car liable for the consequences of the negligent operation of it by a co-owner or his agent or employee. In the first place, the foundation for such a rule does not exist, since a part owner of an automobile may not choose the agents or employees of the other owner nor control possession of the car by the co-owner. In the second place, the language of the law, fairly interpreted, does not evidence a purpose to visit upon an owner the consequences of neg-

ligence committed by persons whose custody and possession of the car he may not and cannot control. In the third place, it may be said that it is at least doubtful whether the legislative power extends to visiting upon the citizen consequences of tortious actions which he cannot prevent or control.

In the case at bar, an owner had possession of and was operating the car. He is liable for the consequences of his own negligent driving, and as to him we find no reason for disturbing the judgment. As to the other owner, we are of opinion that the judgment should be reversed.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.