Maloney et al., Appellants, *v.* Rodgers.

344

Argued April 8, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Lee C. McCandless,* for appellants.

*John L. Wilson,* for appellee.

OPINION BY RHODES, P. J., September 30, 1957:

This action in trespass to recover for personal injuries and property damage arises out of a collision between two automobiles. One of the cars was owned by plaintiffs, Mary Maloney and Clara H. Maloney. At the time of the accident it was being operated by Mary Maloney, apparently on her own business. The other car was owned and operated by defendant, Patrick E. Rodgers. Plaintiffs filed a complaint to recover dam-

ages to their car and for personal injuries sustained by Mary Maloney. The defendant did not file an answer, but filed a counterclaim against Mary Maloney for damages to his car and for personal injuries. The claims were consolidated for trial, and the jury found that both Mary Maloney and defendant were at fault; recovery was denied to all the parties. Plaintiffs filed a motion for a new trial asserting that the verdict was against the weight of the evidence, that it was contrary to law, and that the trial judge had erred in instructing the jury that the negligence of Mary Maloney would bar the claim of Clara H. Maloney. The court below recognized the latter as error and granted a new trial to Clara H. Maloney. A new trial was denied to Mary Maloney because the trial as to her was considered to have been without prejudicial error.[1] Both plaintiffs have appealed to this Court; the defendant has not appealed.

The first contention is that the verdict against Mary Maloney should not have been permitted to stand because it was "plainly and manifestly against the weight of the evidence." Whether the verdict is contrary to the weight of the evidence is a matter that rests largely within the sound discretion of the court below, and an appellate court will not interfere in the absence of an abuse of that discretion. *Baugh v. McCallum*, 140 Pa. Superior Ct. 276, 282, 14 A. 2d 364; *Kiser v. Schlosser*, 389 Pa. 131, 132, 132 A. 2d 344. The manner in which the accident happened in this case was described in the testimony of Mary Maloney and the defendant. Mary Maloney testified that at approximately 10 a.m. on December 24, 1950, she was driving the Maloney car south toward Fenelton on a Pinchot road that leads through

---

[1] Thereupon judgment was entered "in favor of the Defendant, Patrick E. Rodgers and against the Plaintiff, Mary Maloney, for Costs, . . ."

Fenelton to route 422 in Butler County; that although
the weather was clear the road was covered with snow
and ice and the berms were piled with snow; that there
were three wheel tracks cleared in the snow and ice
and were so spaced that the left wheels of cars ap-
proaching in opposite directions would each occupy the
center track. Mary Maloney also testified that she was
proceeding down a grade, "a pretty good size hill," at
a speed of twenty to twenty-five miles per hour when
she saw defendant's car approaching from the opposite
direction up the grade; that she slowed down but con-
tinued to proceed and was still moving at a speed of
five to ten miles per hour at the time of the collision.
She testified that she pulled as far to her right as she
could before the impact, and that she had cleared the
center track prior thereto. She stated that just before
the impact defendant turned his car to her side of the
road.

Defendant testified that the Maloney car was visi-
ble four or five hundred feet away; that he attempted,
unsuccessfully, to extricate his wheels from the tracks
in the snow and ice in order to move to his right; that
when he was unable to do so, he "swung it to the left"
in a final effort to avoid the accident. He further tes-
tified that Mary Maloney did not stop, and that she
did not pull the wheels of her car out of the ruts until
just prior to the collision. He also said that there were
only two wheel tracks in the snow and ice so that cars
approaching in opposite directions would occupy the
same tracks.

Obviously the testimony of the parties is to a large
extent the same concerning the happening of the acci-
dent. It differs in a material respect as to whether
there were two or three tracks in the snow and ice on
the road. Both admitted seeing each other's car a sub-
stantial distance away and that neither stopped; in-

stead they continued to drive forward until the time of collision despite the fact that the physical condition of the roadway was such as to prevent their passing in safety in the tracks which they occupied.

The jury could have concluded that both drivers unreasonably continued toward each other until the collision was inevitable, and that when defendant attempted to drive his car to his left immediately prior to the impact in a final effort to avoid the accident he did not materially alter the dangerous position in which the parties had placed themselves. In fact, neither driver appeared to have sufficient control to stop within the assured clear distance ahead. See *Milicevich v. Paterline,* 388 Pa. 346, 349, 351, 131 A. 2d 129. Where the testimony supports the jury's finding as one which is reasonably inferable from the facts, the trial court's refusal to disturb the verdict is proper even though such finding may not have been the only possible inference from the facts. *Orr v. William J. Burns International Detective Agency,* 337 Pa. 587, 592, 12 A. 2d 25. The verdict is conclusive where a question of the negligence of both drivers is raised by the evidence and fairly submitted to the jury in a charge which is free from complaint in that respect. See *Jones v. Pittsburgh Mercantile Co.,* 295 Pa. 219, 221, 145 A. 80. The verdict in this case as to Mary Maloney and defendant is not plainly and manifestly against the weight of the evidence, and the refusal of the court below to grant a new trial on this ground does not amount to an abuse of discretion.

Plaintiffs also contend that the court below erred in granting a new trial to one of them without granting a new trial to the other. Apparently plaintiffs desire that Mary Maloney have another opportunity to recover for her personal injuries. They seek to have this accomplished on the ground that the trial judge erred

in charging the jury that the negligence of Mary Maloney would also bar the claim of Clara H. Maloney and not by reason of any error in the trial with respect to the claim of Mary Maloney. It is true that when some fundamental error permeates the whole case a new trial should be granted to all the parties. *Smith v. Flannery*, 383 Pa. 526, 532, 119 A. 2d 224. But that is not the situation in this case. Here the only apparent error related to the claim of Clara H. Maloney and in no way detracted from the fairness with which the issue of the negligence of Mary Maloney and defendant was submitted to the jury. The error was harmful only in that it deprived Clara H. Maloney of any recovery; she was not present at the time of the accident, and the negligence of Mary Maloney could not be imputed to her merely because of their joint or common ownership. See *Mittelstadt v. Kelly*, 202 Mich. 524, 168 N. W. 501, 503; 109 A.L.R. 124. Therefore it was not error for the court below to refuse a new trial to Mary Maloney for this reason.

Plaintiffs claim, however, that as Mary Maloney and Clara H. Maloney both owned the automobile the court below was required to grant a new trial to Mary Maloney as well. They rely upon Pa. R. C. P. 2227 (a) which provides: "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Clearly the rule requires a joint interest in the subject matter. It is not clear from the record in this case whether plaintiffs own the car as tenants in common or as joint tenants.[2] If they are tenants in common then each could

---

[2] The complaint alleges: ". . . the plaintiffs were the owners of a . . . sedan." Mary Maloney testified: "Q. Who owned that automobile? A. My mother and I." Clara H. Maloney testified: "Q. You are Clara Maloney? A. Yes, sir. . . . Q. And part owner of this automobile? A. Yes, sir."

enforce the claim to the extent of her interest without the joinder of the other. Pa. R. C. P. 2227; *Stewart v. Cummings,* 109 Pa. Superior Ct. 57, 60, 61, 165 A. 544; *Fry v. Stetson,* 176 Pa. Superior Ct. 171, 176, 106 A. 2d 662; *Adams v. New Kensington,* 374 Pa. 104, 110, 97 A. 2d 354. The fact that they have joined the claims in one action under Pa. R. C. P. 2229 for the sake of convenience would not in itself require that a new trial be granted to both. See *Ratcliff v. Myers,* 382 Pa. 196, 202, 113 A. 2d 558; *Frank v. W. S. Losier & Co., Inc.,* 361 Pa. 272, 277, 64 A. 2d 829; *Fitzpatrick v. Sheppard,* 346 Pa. 240, 242, 29 A. 2d 475; *Trerotola v. Philadelphia,* 346 Pa. 222, 227, 29 A. 2d 788. Where several claims involving common factual questions are consolidated for trial, a new trial may under certain circumstances be required as to all the parties in order to prevent inconsistent verdicts. *See Liebendofer v. Wilson,* 175 Pa. Superior Ct. 632, 635, 107 A. 2d 133; *Fisher v. Dye,* 386 Pa. 141, 147, 125 A. 2d 472; *Pascarella v. Pittsburgh Railways Company,* 389 Pa. 8, 131 A. 2d 445. A new trial on the claim of Clara H. Maloney in order to allow her to establish the nature and extent of her interest in the car will not result in a verdict inconsistent with those previously rendered on the claim of Mary Maloney against defendant and on the counterclaim of defendant against Mary Maloney. The negligence of the tortfeasors has been determined to be the same in all the claims; the verdict at the new trial cannot possibly be different on the issue of negligence since that question will not be resubmitted. *Frank v. W. S. Losier & Co., Inc.,* supra, 361 Pa. 272, 277, 64 A. 2d 829.

The legality and the propriety of granting a new trial to Clara H. Maloney alone are not so readily appar-

---

See Act of March 31, 1812, P. L. 259, 5 Smith's Laws 395, 20 PS §121; *Teacher v. Kijurina,* 365 Pa. 480, 487, 488, 76 A. 2d 197.

ent if plaintiffs are joint owners of the automobile. A claim for damages to jointly owned property must be enforced in a joint action. Pa. R. C. P. 2227; *Magee v. Morton Building and Loan Association*, 103 Pa. Superior Ct. 331, 335, 158 A. 647. The failure to join all the joint owners, either voluntarily or involuntarily, would require that the action be dismissed. Pa. R. C. P. 1032 (2). If plaintiffs are joint owners of the car, their initial joint action for damage thereto was proper. It has been determined by the trial that Mary Maloney was negligent, as well as defendant, in causing the injury to the jointly owned car. In view of this development, the question arises as to whether the court below could grant a new trial to Clara H. Maloney alone. In effect such grant of a new trial to Clara H. Maloney severs plaintiffs as joint owners, makes their claims several instead of joint, and permits one to recover without joining the other party thereto. This is legally impossible under the law of joint ownership. The cause of action for the injury to the jointly owned property cannot be severed. Joint tenants ". . . are regarded as having one entire and connected right, . . . [and they] cannot sue separately for themselves, . . ." *Mobley v. Bruner*, 59 Pa. 481, 484; *Magee v. Morton Building and Loan Association*, supra, 103 Pa. Superior Ct. 331, 335, 158 A. 647, 648. But see *Dubois v. Glaub*, 52 Pa. 238, 243. The grant of a new trial to Clara H. Maloney would therefore compel a new trial for Mary Maloney as to the car. It does not require a new trial on the personal injury claim of Mary Maloney. Here there were two claims—the claim by the owners for the injury to the car, and the claim by Mary Maloney for personal injuries.[3] See *Fisher v. Hill*, 368 Pa. 53, 59,

---

[3] The defendant is not required to relinquish his verdict against Mary Maloney on the personal injury claim since the trial in that

60, 81 A. 2d 860. At the new trial it must be determined whether Mary Maloney and Clara H. Maloney are joint owners, and if they are they may recover the total damage for the injury to the car because the claim is not severable.

It should be noted that the negligence of Mary Maloney is not being ignored by permitting a total recovery. As we have indicated, the negligence of one joint owner may not be imputed to the other joint owner simply because of the unity of joint ownership. A logical corollary is that the unity of the joint ownership should not have the effect of vitiating the negligence of one joint owner. Because of the negligence of Mary Maloney defendant has a right to seek contribution from her as a joint tortfeasor which he may enforce in a separate action if he desires.[4] *Smith v. Petaccio,* 384 Pa. 74, 77, 119 A. 2d 797; *Frank v. W. S. Losier & Co., Inc.,* supra, 361 Pa. 272, 278, 64 A. 2d 829.

The order of the court below grants a new trial to Clara H. Maloney without limitation.[5] The new trial as to her would thus be general and include proof of liability anew. *Iwankow v. Colonial Life Insurance Company of America,* 120 Pa. Superior Ct. 114, 120, 181 A. 870. But the question of liability has been fairly determined and defendant made no complaint in the court below or in this Court. Therefore it would be proper to eliminate the issue of negligence from further

---

respect was without apparent error. *Frank v. W. S. Losier & Co., Inc.,* 361 Pa. 272, 277, 64 A. 2d 829.

[4] Ordinarily a defendant may make a plaintiff who is a joint tortfeasor an additional defendant. The defendant here did not attempt to do so as to Mary Maloney; whether it would have been proper is not considered or decided.

[5] The order states: "AND NOW. November 5, 1956, the motion for a new trial by Mary Maloney is refused. A new trial is granted as to Clara H. Maloney."

consideration by the jury at a new trial. *Fitzpatrick v. Sheppard,* supra, 346 Pa. 240, 242, 29 A. 2d 475; *Frank v. W. S. Losier & Co., Inc.,* supra, 361 Pa. 272, 277, 64 A. 2d 829; *Ratcliff v. Myers,* supra, 382 Pa. 196, 202, 113 A. 2d 558. In view of the uncertainty concerning the nature of the ownership of the Maloney car, it is impossible to definitely state the ultimate extent of the new trial or the amount which may be recovered. It is necessary that the matter be remanded to the court below for a new trial to determine preliminarily whether plaintiffs are tenants in common or joint tenants. If it appears that they are tenants in common, Clara H. Maloney should proceed to establish the extent of her interest and the damage thereto. If, however, they are joint tenants they may proceed to establish the full extent of their damage.

A new trial is granted to both plaintiffs for the limited purpose of determining the nature of the ownership of the car and the damages accordingly payable; to that extent the order of the court below is vacated and the judgment modified.