## Fry v. Marconi

*Cornelius G. Sullivan*, for plaintiffs.
*James N. Peck*, for defendants.

FORREST, J., December 21, 1959.—Plaintiffs instituted this action in trespass for damages to their auto-

mobile which was owned as tenants by the entireties and operated by wife-plaintiff at the time of the accident. Defendant filed a praecipe for writ to join the wife-plaintiff, Dorothy W. Fry, as an additional defendant. Defendant alleges in his complaint against Dorothy that her negligence caused the accident. Dorothy has filed a preliminary objection to defendant's complaint against her. She contends that her joinder as an additional defendant is in violation of Pa. R. C. P. 2252(*a*). This rule provides that: "In any action the defendant or any additional defendant may file as of course a praecipe for a writ . . . to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

Defendant contends that Dorothy W. Fry is not a party to the action, that plaintiff is the tenancy by the entireties. This is somewhat ingenious, but fallacious. Pa. R. C. P. 2227(*a*) provides that: "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Examples of persons who have only a joint interest in the subject matter are joint tenants or tenants by the entireties. See 4 Anderson Pa. Civ. Prac. 299. Thus, though the concept of tenancy by the entireties, i.e., "that each of the tenants holds the entire estate by the half and by the whole" (Berhalter v. Berhalter, 315 Pa. 225, 227 (1934)), is an abstraction which produces singular results in the law of property, the construction of the Pa. R. C. P. is not dependent upon the niceties of this concept. The husband is a party plaintiff and the wife is a party plaintiff. See Sielecki v. Sielecki, 107 Pa. Superior Ct. 291, at 295 (1932).

The consequence of the fact that in an action such as this the husband is a party plaintiff and the wife is

a party plaintiff and that both are indispensable parties plaintiff is that neither of plaintiffs can be severed and joined as an additional defendant: Kline v. Ranken, 79 D. & C. 260 (1951) ; Kranchalk v. Simon, 80 D. & C. 289 (1951) ; Rowles v. Johnson, 2 D. & C. 2d 753 (1955) ; 4 Anderson Pa. Civ. Prac. 302. Whether such joinder would be proper was mentioned, but not considered or decided in Maloney v. Rodgers, 184 Pa. Superior Ct. 342, 351, fn. 4 (1957).

In Maloney v. Rodgers, supra, the court stated, page 351, that if plaintiffs are joint owners: "They may recover the total damage for the injury to the car, because the claim is not severable." The court continued, "the negligence of one joint owner may not be imputed to the other joint owner simply because of the unity of joint ownership. A logical corollary is that the unity of the joint ownership should not have the effect of vitiating the negligence of one joint owner. Because of the negligence of . . . [plaintiff-driver] defendant has a right to seek contribution from her as a joint tortfeasor which he may enforce in a separate action if he desires."

In practice, the right to seek contribution in a separate action may be of little or no solace, as an author points out in his article in 20 U. of Pitts. Law Review 384. He concludes: "It seems . . . that the rule enunciated by the court results in allowing the (contributorily negligent joint tenant) to benefit by her own wrong . . .".

In Stitzinger v. Stitzinger Lumber Co., 187 Pa. Superior Ct. 453 (1958), tenants by the entireties were denied recovery against the husband's employer for damages to the entireties' property caused by the negligent act of the husband. The court declared, page 457, that reasons of sound public policy precluded such litigation, and quoted dictum found in Parks v. Parks, 390 Pa. 287, 302 (1957), that " 'it would be highly unconscionable to permit . . . [the wife] to

share in a recovery caused by her own wrong.' . . . The interest of both husband and wife being one single unity and not normally divisible during coverture, the preclusion of the husband precludes the wife."

The Stitzinger case is extreme in its facts in that the husband and wife were suing a defendant on the theory of respondeat superior, the allegedly negligent employe of defendant being plaintiff-husband himself. However, the reasons assigned by the Superior Court for its conclusion in that case are equally valid in this case. In Rowles v. Johnson, 2 D. & C. 2d 753, 755 (1955), the factual situation' was akin to the instant case, and not tinged with the extraordinary feature of the Stitzinger case. President Judge Pentz of Clearfield County, declared in dictum: "Since, in a tenancy by entireties, the interest of both husband and wife is indivisible, . . . they are one in any action, and have only one legal estate in the automobile, and can only assert one claim, contributory negligence of one or the other must be a defense to that one claim."

Neverthless, it appears to us that this dictum is not the law in view of the subsequent pronouncement of the Superior Court in Maloney v. Rodgers, supra, that joint owners may recover the total damage for the injury to the car notwithstanding the negligence of one of them.

The net result may be that all of the issues between the parties cannot be resolved in this action; some of them may have to be settled in an action which may be instituted by defendant against the wife-plaintiff in the event a judgment adverse to defendant is entered in this case. For this reason it would appear that Pa. R. C. P. 2227(a) should be amended.

And now, December 21, 1959, the preliminary objections to defendant's complaint against the additional defendant are sustained, and said complaint is dismissed.