## Nau v. Devonshire Heights

*Richard W. Cleckner,* for plaintiff.
*Bruce E. Cooper,* for defendant.

CALDWELL, *J.*, December 8, 1981—A decree nisi

was rendered by the Chancellor on September 14, 1981. Exceptions were filed and are before the court for disposition following oral argument. Reference to the adjudication which accompanied the decree nisi will relieve us of extended comment concerning the facts and background.

The primary complaint raised by defendant is that we have no jurisdiction of this proceeding because an indispensable party has not been joined as a party plaintiff. Plaintiff owns as tenant in common a one-half interest in real estate which was damaged by defendant, who asserts that because the owner of the other half interest (Mr. Markel) is not a party to the proceeding we cannot entertain plaintiff's claim.

Defendant contends that Markel is an indispensable party by virtue of Pa.R.C.P. 2227(a) which provides:

"Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

Defendant's brief then concludes, without citing authority, that "nothing can be clearer than that the joint owners of an undivided, one-half interest in a parcel of real estate have only a joint interest." With this conclusion we do not agree. While tenants-in-common are said to own an undivided interest in real estate it does not follow that this is a "joint" interest, which term is not defined in Rule 2227. A tenant-in-common may sell his interest without the joinder or consent of the other owners and may pass it to his heirs on death by will or operation of law. The same is not so with true 'joint' tenants, who enjoy the right of survivorship. Neither owner can effectively act without the concurrence of the other

with regard to the land, nor can the interest of one pass to heirs or legatees upon death.

The substantive law has denominated the issue one of distinguishing between "indispensable" parties, where joinder is mandatory, and "necessary" parties, where joinder is permitted but not required. In Fineman v. Cutler, 273 Pa. 189, 116 A. 819 (1922) the court said:

"a party is indispensable when his interest in the proceeding is of such a nature that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience."

We do not see Mr. Markel's interest as being within this definition. The Chancellor awarded plaintiff one-half of what he determined to be the damages to the entire property. Mr. Markel is free to pursue a claim for the damages to his one-half interest in the property. Should defendant have been concerned about facing two lawsuits, or two conclusions as to damages, it could have instituted proceedings to bring Mr. Markel into this action, but we find no requirement that places this burden on plaintiff.

In Onorato v. Wissahickon Park, Inc., 430 Pa. 416, 244 A. 2d 22 (1968) the Supreme Court recognized that Rule 2227 does not require tenants in common to join as plaintiffs where the co-tenant seeks only an aliquot portion of damages. The distinction between joint tenants and tenants in common for the purposes of joinder under Rule 2227 was also considered in Maloney v. Rodgers, 184 Pa. Superior Ct. 342, 135 A. 2d 88 (1957), the court stating, "If they are tenants in common then each could enforce the claim to the extent of her interest without joinder of the other." In Adams v. New

Kensington, 374 Pa. 104, 97 A. 2d 354 (1953) the court was considering a claim for damages to real estate resulting from a taking by eminent domain. The court noted that the joinder of all tenants in common was not required:

". . . one might be balked by the obstinacy of the others, or by their being bought off, or by their releasing, or because they didn't choose to proceed. . . . The damages here were apportioned, the widow claiming only for the damages done to her interest. . . ."

See also Blackstone's Commentaries, Volume 2, Sections 192 and 194, which concurs that the titles of tenants in common are not joint but several in nature, and that joinder is not necessary where the action is for the protection of the owners' several interest.

We have examined the case relied upon by defendant and find it easily distinguishable. In Commonwealth v. B.&O. Railroad Co., 25 D. & C. 2d 215 (1961) the Commonwealth sued defendant for damages to its land resulting from the drilling of a well and the taking of gas therefrom. The court held that the lessee in an oil and gas lease, previously granted on the premised by the Commonwealth, was and indispensable party in the Commonwealth's claim since the damages would beling, in part, to the lessee. In the present case, however, plaintiff has not claimed any damages that might belong to another owner.

The conclusion as to the damages to the land was based upon a view, testimony as to what was destroyed, and estimates of the cost of restoring the property to its prior condition. One such estimate was in excess of $6,500, and we find $3,400 to be a realistic determination of damages under all the

testimony. Punitive damages were awarded because the Chancellor found defendant acted maliciously and intentionally in bulldozing plaintiff's property, and was aware that it had no right to do so. After awarding plaintiff $1,700 in compensatory damage,he concluded a punitive award of $1,000 was a reasonable penalty under all the circumstances. We believe these awards are fully supported by competent evidence and are reasonable.

For the foregoing reasons plaintiff's exceptions will be dismissed and final judgment entered.

## ORDER

And now, December 8, 1981, the exceptions of defendant Devonshire Heights are dismissed and final judgment entered against it in the sum of $2,700 with interest from September 4, 1981.