# Styer v. Weaver Petroleum, Inc.

C.P. of Lancaster County, No. CI-11-01349

*Susan P. Peipher*, for plaintiff.
*Gary A. Hurwitz*, for defendants.

FARINA, *J.*, July 30 2013—Presently before the court is the motion for summary judgment of defendants K.E. Weaver Petroleum, Inc. and Kenneth E. Weaver. Plaintiff filed the instant lawsuit to recover expenses incurred in remediating the release of fuel oil from an underground storage tank. The sole issue raised by defendants' motion is whether plaintiff's daughter, Sandra Styer-Martin, is an indispensable party to this action by virtue of her status as a joint tenant with right of survivorship of the property that is the subject of this litigation.[1] For the following reasons, I conclude that Ms. Styer-Martin does have a "joint interest" in the property under Pa.R.C.P. 2227(a), that she is therefore an indispensable party who must be

---

1. Plaintiff concedes that the property has been owned by plaintiff and Sandra Styer-Martin as joint tenants with right of survivorship since 2002. Plaintiff also concedes that the two-year statute of limitations, which began to run on or about February 14, 2009, has elapsed as to Ms. Styer-Martin. Therefore, the only issue is whether Ms. Styer-Martin is an indispensable party to this litigation under Pa.R.C.P. 2227(a) and Pa.R.C.P. 1032(b).

joined, and that since the statute of limitations has run as to her, the action must be dismissed under Pa.R.C.P. 2227(a) and Pa.R.C.P. 1032(b).

Under Pa.R.C.P. 2227(a), "[p]ersons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Pa.R.C.P. 2227(a). If such a party cannot be joined, the court must dismiss the action. *See Moorehead v. Lopatin*, 445 A.2d 1308, 1310 (Pa. Super. 1982) ("Pa.R.C.P. 2227(a) requires dismissal of an action, brought against only one party where there exists no timely attempt to join another necessary party as a defendant."); *see also Enright v. Kirkendall*, 819 A.2d 555, 557 (Pa. Super. 2003) (same); *see also Maloney v. Rodgers*, 135 A.2d 88, 92 (Pa. Super. 1957) ("The failure to join all the joint owners, either voluntarily or involuntarily, would require that the action be dismissed.") (citing Pa.R.C.P. 1032(2), now Pa.R.C.P. 1032(b)).[2]

"Significantly, the Rule is not predicated upon some administrative benefit to be gained by joinder but upon the unity and identity of the interests of the co-owners who are to be joined." *State Farm Mut. Auto. Ins. Co. v. Ware's Van Storage*, 953 A.2d 568, 573 (Pa. Super. 2008) (quotation omitted).

Plaintiff argues that "[t]he Supreme Court's holding in *DeCoatsworth* demonstrates that a joint owner of property is not automatically an indispensable party in claims brought by his or her co-owner."[3] He argues that the case

---

2. According to the comments to the current version of the rule, the rule was amended to make a stylistic change from numerical to alphabetical ordering and to provide that dismissal is appropriate for failure to join an indispensable party *only* when the indispensable party cannot be joined. Neither change affects the purpose for which the case is cited, which is to show the interplay between Rule 2227(a) and Rule 1032(b).

3. The case referenced by plaintiff is *DeCoatsworth v. Jones*, 639 A.2d 792, 797 (Pa. 1994).

stands for the proposition that the court *must* employ the 4-factor test articulated in *Mechanicsburg Area School District v. Kline*, 431 A.2d 953, 956 (Pa. 1981), regardless whether joint property is involved and Rule 2227 is invoked. This argument is incorrect for several reasons.

First, this argument is based on an incorrect reading of the *Decoatsworth* case and a misinterpretation of the *Decoatsworth* Court's invocation of *Mechanicsburg Area School District*. In *Mechanicsburg Area School District*, the school district sued in equity to prevent the final installment of school subsidies because the incomes of 1,084 taxpayers were erroneously attributed to the school district in calculating Mechanicsburg's taxable income for subsidy purposes. *Mechanicsburg Area School District, supra*, at 955. Three of the defendants, the Secretary of Education, the State Treasurer, and the Secretary of Revenue, filed preliminary objections to the complaint, alleging failure to join the other school districts in the Commonwealth as necessary and indispensable parties. *Id.*, at 956. Rule 2227 was not discussed, and the court created the current test to determine whether a party is indispensable. *Id.*[4]

In *Decoatsworth*, an estranged husband and wife at risk of losing their home conveyed the property to an individual pursuant to an agreement that they could buy it back at a later time, and after the estranged husband, who was the only one living at the residence at the time, refused to pay the sums the buyer claimed were owed, the buyer sued to evict him, and the estranged husband

---

4. The court held that "[t]he determination of an indispensable party question involves at least these considerations:
  1. Do absent parties have a right or interest related to the claim?
  2. If so, what is the nature of that right or interest?
  3. Is that right or interest essential to the merits of the issue?
  4. Can justice be afforded without violating the due process rights of absent parties?"

counterclaimed for fraud but did not join his estranged wife. *Decoatsworth,* at 793-794. Our Supreme Court reversed the Superior Court's finding that the estranged wife was an indispensable party to the husband's counterclaim, noting that the entireties estate at issue there was severed when the estranged husband and wife effectuated a joint transfer of the property to the plaintiff. *Id.,* at 797. Since they were not co-owners due to the severance of the tenancy, and the husband was seeking damages, not re-instatement of his interest, the court found that the estranged wife was "not an indispensable party on account of her status as a member of a tenancy by the entireties." *Id.* Contrary to plaintiff's assertion, the court then began to analyze whether the wife was an indispensable party under the factors in *Mechanicsburg Area School District only* because it had determined that the wife was not indispensable by virtue of her status as a tenant by the entireties. *See DeCoatsworth,* at 797 ("We conclude, therefore, that Odessa is not an indispensable party on account of her status as a member of a tenancy by the entireties, but it remains to consider whether she may be indispensable for some other reason.").

Plaintiff's argument is also belied by the fact that in other cases after *Mechanicsburg Area School District* and *DeCoatsworth* where jointly-owned property was the subject of the litigation and motions were made on the basis of failure to join an indispensable party, the court did not use the four-part test from *Mechanicsburg Area School District.* For example, in *Moorehead, supra,* one year after the court's decision in *Mechanicsburg Area School District,* the Superior Court held that in an action alleging negligent maintenance of real estate owned by two parties as tenants by the entireties, both parties must be timely joined under Rule 2227(a) to avoid dismissal of the case; no mention was made of *Mechanicsburg Area*

*School District* or the test created therein.[5] Likewise, in *Enright v. Kirkendall*, 819 A.2d 555 (Pa. Super. 2003), twenty-two years after *Mechanicsburg Area School District* and nine years after *DeCoatsworth*, the Superior Court analyzed the same issue that was before the Court in *Moorehead* and again made no mention of *Mechanicsburg Area School District* or the four-part test.

Finally, plaintiff's argument that joint ownership of the subject property is not enough to make the co-owner an indispensable party is inconsistent with a plain reading of the rule. The interpretation of Pa.R.C.P. 2227(a), like the interpretation of all rules of civil procedure, must be guided by the dictates of Pa.R.C.P. 127, which provides "[w]hen the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127. Rule 2227(a) states that "[p]ersons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Pa.R.C.P. 2227(a). It is clear that the phrase "joint interest" clearly and unambiguously encompasses joint tenancy property, as joint tenancy property is property that is owned, in every sense of the word, jointly.

It is axiomatic that in order for a joint tenancy to form, there must exist a unity of interest, title, time, and possession. "[I]n other words, joint tenants have one and the same interest, accruing by one and the same

---

5. In Moorehead, the plaintiffs, who were attempting to avoid a finding that the landowner who co-owned the property where plaintiffs were injured was an indispensable party, made the same arguments plaintiff makes here, *to wit*, that the landowner was an owner in name only and did not participate in the maintenance or control of the property. The Superior Court expressly declined to address the argument, however, because it was unsupported by the factual averments in the complaint. Although here plaintiff's complaint contains these allegations, they do not appear as limitations in the deed, nor do they appear in the power of attorney.

conveyance, commencing at one and the same time, and held by one and the same possession." *Estate of Kotz*, 406 A.2d 524, 532 (Pa. 1979) (quotation omitted). "The interest of two joint-tenants is not only equal or similar, but also is one and the same. One has not originally a distinct moiety from the other. While it continues, each of two joint tenants has a concurrent interest in the whole..." *In re Haggerty's Estate*, 166 A. 580, 581 (Pa. 1933) (citing *Blackstone*, Book 2, §§ 182, 184).

The conclusion that joint tenants meet the definition of indispensable parties, although leading to a harsh result in cases such as the one presently before the court, is a logical one, given the foundation for Rule 2227. In *State Farm Mut. Auto. Ins. Co.*, *supra*, the Superior Court noted that the rule is "predicated...upon the unity and identity of the interests of the co-owners who are to be joined." *State Farm Mut. Auto. Ins. Co.*, at 573.[6] If the basis for the rule, and therefore the focus of the inquiry, is the "unity and identity of the interests of the co-owners to be joined," then the rule must apply to joint tenants, who have a unity of interest, which, by definition, requires "identical interests as to the share of the common property," *Edel v. Edel*, 424 A.2d 946, 948-49 (Pa. Super. 1981) (citation omitted), as well as a unity of time, title, and possession.

This conclusion is also supported by statements made by the appellate courts. In *Maloney v. Rodgers*, 135 A.2d 88 (Pa. Super. 1957), as a result of a car accident, the plaintiffs, Mary and Clara Maloney, sued the defendant for damages to the vehicle they owned and personal injuries, and the defendant counterclaimed against the driver, Mary, for same. *Maloney*, at 90. The claims were

---

6. Although the origin of this statement was a case in which the Superior Court cited to subsection (b) of the rule, the Superior Court's reference in *State Farm Mut. Auto Ins. Co.* was not so limited, and in any event, subsection (b) is simply the mechanism by which subsection (a) may be enforced.

consolidated, and the jury found both drivers at fault and denied recovery to all. *Id.* Plaintiffs filed a motion for new trial on various grounds, and the court granted a new trial but only to Clara Maloney because the trial as to Mary was considered to have been without prejudicial error. *Id.* Both plaintiffs appealed, claiming, *inter alia*, that the trial court was required to grant a new trial as to both plaintiffs under Rule 2227(a). *Id.*, at 90-92. The court noted that it was not clear whether the plaintiffs owned the car as tenants in common or joint tenants, but if they were joint tenants, the grant of a new trial to Clara Maloney would compel a new trial for Mary as to the car. Citing Rule 2227 and *Magee v. Morton Building and Loan Association*, 158 A. 647 (Pa. Super. 1931), the court noted that "[a] claim for damages to jointly owned property must be enforced in a joint action." *Id.*, at 92. Citing Rule 1032, the court stated that "[t]he failure to join all the joint owners, either voluntarily or involuntarily, would require that the action be dismissed." *Id.* Therefore, the court held that "[a]t the new trial it must be determined whether Mary Maloney and Clara H. Maloney are joint owners, and if they are they may recover the total damage for the injury to the car because the claim is not severable." *Id.*, at 93.

In support of its decision, the *Maloney* court also noted that "Joint tenants…are regarded as having one entire and connected right, …and they cannot sue separately for themselves…" *Id.* (quotation omitted). For this proposition, the court cited *Mobley v. Bruner*, 59 Pa. 481 (Pa. 1868), where our Supreme Court, long before the adoption of Rule 2227, noted that "joint tenants, who are regarded as having one entire and connected right, and are said to be seised per my et per tout, each having the entire possession as well of every parcel as of the whole, cannot sue separately for themselves, or for the joint benefit of themselves and their fellows, but must join and be joined in all actions respecting the estate." *Mobley*, at

483. Therefore, it is indeed the case that "the requirement of joinder of all having a joint interest has long been the law in Pennsylvania." *Onorato v. Wissahickon Park, Inc.,* 244 A.2d 22, 24-25 (Pa. 1968).

Although *Maloney* was decided in 1957, the Superior Court does not appear to have changed its position with respect to the indispensable nature of joint tenants. Although in dictum, the Superior Court has more recently stated that "[u]nder Rule 2227 Pa.R.C.P. indispensible parties are *inter alia* joint tenants, tenants in common, and tenants by the entireties." *Mitchell v. Prudential Prop. & Cas. Ins. Co.,* 499 A.2d 632, 636 (Pa. Super. 1985).

The note to the original version of Rule 2227,[7] specifically subsection (b), also provides some insight. Subsection (b) provides: "[i]f a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder." Pa.R.C.P. 2227(b). The Superior Court has explained that "[t]he Rule is applicable only where the substantive law provides that an interest is joint and the holder of such interest refuses to join, making involuntary joinder necessary because without such joinder an indispensable party is missing and the action cannot proceed." *State Farm Mut. Auto. Ins. Co., supra,* at 573 (quotations omitted). The comment to subsection (b) of the original rule provides that an unwilling person may be joined "under present rules of substantive law" when, *inter alia,* "[t]he willing plaintiff and the unwilling person are *joint tenants* or tenants by the entireties and the action is brought to preserve or recover the jointly owned property or *damages for injury to such property*." Pa.R.C.P. 2227(b), adopted

---

7. The substance of the rule remains unchanged since its adoption in 1940.

June 7, 1940, note (citations omitted) (emphasis added).[8] This suggests that substantive law, at least at the time the rule was adopted, permitted the involuntary joinder of joint tenants in actions of injury to the estate because such individuals were considered indispensable parties to the litigation. Although 1940 was some time ago, the rule has remained the same, and nothing subsequent to the rule's adoption appears to contradict this statement of the law.

As other trial courts have noted, Rule 2227(a) was derived from Federal Rule of Civil Procedure 19(a). *See* Pa.R.C.P. 2227(a), adopted June 7, 1940, note. Consequently, authorities interpreting that rule may be useful to the analysis. In 3 Moore Fed. Pract. §19.05, William Moore, a well-respected commentator on the federal rules, pointed out that:

> A rule could not hope to state minutely who are necessary and who are indispensable parties in the myriads of cases that come before the courts. The phrase 'joint interest' is not to be given a technical meaning. Such a narrow meaning given to compulsory joinder would lead to a multiplicity of suits and undue vexation of defendants in cases where several persons were interested, but their interests were not technically joint.

*Com. v. Baltimore & O. R. Co.*, 25 Pa. D. & C.2d 215, 219-20 (Pa. Com. Pl. 1961) (citing 3 Moore Fed. Pract. § 19.05). This authority, while not binding, is persuasive and provides further confirmation of the correct interpretation of Rule 2227.

---

8. Plaintiff makes the distinction that he is suing only for out-of-pocket losses in remediating the spill. However, Ms. Styer-Martin's interest in the property allows her to sue for injury thereto, and it is this right that governs, not how the proceeds of the recovery will ultimately be distributed.

Given the plain language of the rule, the courts' interpretations of it, and the law regarding joint tenancies, I must conclude that Sandra Styer-Martin's interest in the property as a joint tenant with right of survivorship, an interest which plaintiff concedes, renders her an indispensable party to this action, and since plaintiff, knowing of this interest, allowed the statute of limitations to expire as to her, I am forced to dismiss the instant action under Pa.R.C.P. 2227(a) and 1032(b).

Accordingly, I enter the following:

## ORDER

And now, this 30th day of July, 2013, upon consideration of defendants K.E. Weaver Petroleum, Inc. and Kenneth E. Weaver's motion for summary judgment, and the briefs submitted by the parties, it is hereby ordered and decreed that plaintiff's complaint is dismissed for failure to join an indispensable party pursuant to Pa.R.C.P. 2227(a) and Pa.R.C.P. 1032(b)